IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JILL BONG,                                                              Case No. 3:23-cv-00417-MK

               Plaintiff,

                                              FINDINGS AND
               v.                                            RECOMMENDATION

KATE BROWN; RACHAEL BANKS;
STEVE WOODS; REX FULLER; CLINT
THOMPSON; JOHN BOLING; CHARLIE
SAWYER; REBEKAH SAWYER; VALERIE
ANDERSON; HOLLY HILL; BOB SCONCE;
UNKNOWN LEGAL COUNSEL; OREGON
EMPLOYMENT DEPARTMENT, and
OREGON SCHOOL BOARDS ASSOCIATION,

                   Defendants.

KASUBHAI, Magistrate Judge:

       Pro se plaintiff Jill Bong ("Plaintiff") brings this action against multiple Oregon state

officials and school district employees in their individual and official capacities alleging

constitutional and civil rights claims under Title 42 of the U.S.C., the Americans with

1  FINDINGS AND RECOMMENDATION

Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Oregon statutory and common-law claims. Before the Court are motions to dismiss filed by defendants Bob Sconce and the Oregon Education Association ("OEA Defendants," ECF No. 69); Rachael Banks, Kate Brown, and the Oregon Employment Department (the "State Defendants," ECF No. 68); the Oregon School Boards Association ("OSBA," ECF No. 67); and Clint Thompson, Holly Hill, John Boling, Rebekah Sawyer, Charlie Sawyer, Steve Woods, Valerie Anderson, and Rex Fuller ("Day Creek Defendants," ECF Nos. 64, 85 (amended)). For the reasons below, Defendants' motions should be granted. Plaintiff should be given leave to file a second amended complaint consistent with this Findings and Recommendation.

## FACTUAL BACKGROUND

Plaintiff was employed as a math tutor for the Douglas County School District beginning in January 2016. Compl. ¶ 49, ECF No. 1. Plaintiff suffers from autism spectrum disorder, *Id.* at ¶ 77, and is a Chinese female who holds minority religious beliefs. *Id.* at ¶¶ 118, 854. The majority of Plaintiff's claims arise from actions taken by Oregon state officials in response to the COVID-19 pandemic, specifically those related to safety measures employed in public schools. First Amended Complaint ("FAC"), ECF No. 37. During the 2021-22 academic school year, then-Governor Kate Brown, the Oregon Health Authority, and the Oregon Department of Education imposed a mask mandate for K-12 schools. Plaintiff expressed her opposition to the mask mandate to the school superintendent.

The Oregon Health Authority also issued a vaccine mandate for the 2021-22 school year. *Id.* at ¶¶ 175–195. The vaccine mandate required all K-12 school employees to provide documentation indicating that they (1) had been vaccinated against COVID-19, (2) fell into a

religious exception to the vaccine requirement, or (3) fell into a medical exception to the vaccine requirement. *Id.* at ¶ 258. Plaintiff alleges that both receiving the COVID-19 vaccine and completing the religious exception paperwork offended her minority religious views, making her unable to comply with components of the mandate because she could neither take the vaccine nor sign the exemption paperwork. *See id.* at ¶¶ 204, 222, 256. Plaintiff alleges that she nevertheless "complied with the black letter" of the vaccine mandate. *Id.* at ¶ 644. Plaintiff alleges that her noncompliance with the vaccine mandate led to a "sham" pre-termination meeting where she was not given reasonable accommodations for her disability, and ultimately to her unlawful termination. *Id.* at ¶¶ 322, 922, 961, 971, 998.

Apart from COVID-19 measures that impacted Plaintiff's employment, Plaintiff alleges that she was paid a disparate wage during the third quarter of the 2020-21 school year. In December of 2020, a science teacher at Plaintiff's school resigned, and the superintendent offered Plaintiff a temporary science teacher job. *Id.* at ¶ 98. The job posting for the position offered the pay rate of $29.83 per hour, which would have been a raise from the $24 per hour pay rate Plaintiff was making as a math tutor. *Id.* at ¶¶ 99–100. Plaintiff accepted the position and began employment as a science teacher in January of 2021. *Id.* at ¶ 102. The new contract contained a typo that set Plaintiff's pay rate at $29.83 per *period* rather than per *hour*. *Id.* at ¶ 103. Because the school's periods are 1.5 hours long, under the new contract, Plaintiff's pay rate was only $19.89 per hour. *Id.* at ¶¶ 104–105. When Plaintiff alerted the superintendent to this error, the school reinstated Plaintiff's previous rate of $24 per hour. *Id.* at ¶ 108. For the entire third quarter of the 2020-21 school year, Plaintiff alleges that she was paid the lower tutor rate rather than the science teacher rate in violation of the employee handbook and the Collective Bargaining Agreement. *Id.* at ¶¶ 113–120.

3  FINDINGS AND RECOMMENDATION

**STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Insurance Company*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The Court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**DISCUSSION**

4  FINDINGS AND RECOMMENDATION

Before the Court are motions to dismiss filed by defendants Bob Sconce and the Oregon Education Association ("OEA Defendants") (ECF No. 69); Rachael Banks, Kate Brown, and the Oregon Employment Department (the "State Defendants") (ECF No. 68); the Oregon School Boards Association (ECF No. 67); and Clint Thompson, Holly Hill, John Boling, Rebekah Sawyer, Charlie Sawyer, Steve Woods, Valerie Anderson, and Rex Fuller ("Day Creek Defendants") (ECF Nos. 64, 85). For the reasons below, Defendants' motions to dismiss should be granted.

## I.    OEA and Day Creek Defendants' Motion to Dismiss

Both the OEA Defendants and the Day Creek Defendants move to dismiss Plaintiff's FAC under Fed. R. Civ. P. 8 or, in the alternative, move for a more definite statement under Fed. R. Civ. P. 12(e).

Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* A motion for a more definite statement is generally left to the district court's discretion. *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002). Rule 12(e) is designed to strike at unintelligibility rather than lack of detail. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000)). "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Holdner v. Coba*, 2010 WL 678112, at *1 (D. Or. Feb. 25, 2010) (internal quotation omitted).

The Day Creek Defendants argue that Plaintiff's FAC contains multiple counts where each adopts the allegations of all the preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. Day Creek Reply at 6, ECF No. 83. Due to the volume of allegations in the complaint, the Court agrees that Plaintiff's incorporation by reference of all preceding allegations in each Count of the FAC detract from the FAC's intelligibility. The Day Creek Defendants' motion for a more definite statement under Rule 12(e) should be granted. Plaintiff should be given the opportunity to amend the FAC to provide a more definite statement of Plaintiff's claims.

Fed. R. Civ. P. 8(a) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Unnecessarily lengthy filings are unlikely to comply with the requirement of a short and plain statement under Federal Rule of Civil Procedure 8(a). *Olfati v. City of Sacramento*, 2021 WL 4168686 (E.D. Cal. 2021). Here, Plaintiff's FAC is 200 pages long excluding attachments and contains over 1000 paragraphs, many of which appear to be irrelevant statements and legal conclusions. The Court agrees with Defendants that the FAC is excessive such that it violates Rule 8(a). *See Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981).

The OEA Defendants note, for example, that while Plaintiff's FAC names the OEA Defendants in Counts 3, 5, 12, 13, 14, 16, 24, and 27, it fails to identify what the OEA Defendants are specifically alleged to have done. ECF No. 1. These Counts do not identify facts or allegations that would provide sufficient notice to the OEA Defendants to adequately prepare a response. The OEA Defendants' Rule 8(a) motion should be granted, and Plaintiff should be instructed to amend her complaint to meet the requirements of both Rule 8 and Rule 12(e) by

linking each of her claims to specific factual allegations regarding the conduct of individual defendants, without reference to legal conclusions or extraneous facts.

## II.      Oregon School Boards Association's Motion to Dismiss

The OSBA also filed a motion to dismiss, arguing that Plaintiff has failed to state a claim against the OSBA in Counts 3, 5, 12, 13, 14, 16, 17, 24, or 39, and that these claims should therefore be dismissed against the OSBA. With the exception of counts 24 and 39, each of the claims alleged against OSBA require the defendant to be a state actor. The Court first considers whether OSBA qualifies as a state actor under the law and facts alleged. For the reasons below, Plaintiff's § 1983 claims against OSBA (Counts 3, 5, 13, and 14) should be dismissed.

### A. State Action Requirement

OSBA argues that it did not act under color of state law when providing legal advice to the Douglas County School District and therefore cannot be sued under 42 U.S.C. § 1983, § 1985(3), or § 1986. OSBA is a nonprofit benefit corporation whose members include public school boards, education service districts, community college boards, and the State Board of Education. OSBA provided legal advice about the interpretation of Oregon law to other named Defendants regarding the vaccine mandate. On Response, Plaintiff argues that the OSBA's "pervasive entwinement with the state" renders it subject to suit under § 1983. Pl.'s Resp. to OSBA, ECF No. 75.

A plaintiff may bring a claim under § 1983 to redress violations of his or her "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person acting under the color of state law. 42 U.S.C. § 1983; *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). To state a claim under § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under the color of state law, and that the

conduct violated his or her federal constitutional right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials").

A defendant cannot be liable under § 1983 unless they are a state actor, or a private individual acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed 1368 (1941). The Supreme Court has adopted a two-part test determining whether private conduct is attributable to the government: First, the deprivation must result from a governmental policy; and second, "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Sutton*, 192 F.3d at 835 (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). Acting in compliance with the law is not enough to be found a state actor.

"[A] defendant in a §1983 suit acts under color of state law *when he abuses the position given to him by the State*." *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991) (emphasis in original). Here, the FAC alleges that OSBA and an unnamed legal counsel acted under color of state law by providing legal advice to other Defendants. When a lawyer is retained by a government agency to perform "a lawyer's traditional functions," they are not acting under color of state law. *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003). Plaintiff does not allege that OSBA participated in drafting or adopting the vaccine mandate or in its subsequent enforcement. The Court concludes that OSBA was not acting under

color of state law and that therefore Plaintiff's Counts 3, 5, 12, 13, 14, 16[1], and 17[2] should be dismissed with prejudice as to OSBA.

**B. Counts 24 and 39**

Count 24 of the FAC alleges that OSBA engaged in tortious interference with contractual relations. Plaintiff argues that OSBA intentionally interfered with her employment contract by "instructing" the school district to comply with the vaccine mandate. Here, there are no factual allegations in the FAC that OSBA purposely interfered with Plaintiff's employment contract to compel her to associate with specific beliefs or ideologies, or intentionally inflicted some injury on Plaintiff. Providing legal advice about a law, which OSBA admittedly engaged in, is a legitimate purpose, and does not support a claim for tortious interference with contract. Plaintiff's Count 24 should therefore be dismissed as to OSBA.

Count 39 of the FAC alleges a RICO claim against OSBA based on "involuntary servitude." In her Response brief, Plaintiff states that she is not asserting a "direct or proximate involuntary servitude claim against OSBA" and, rather, asserts a RICO claim against OSBA based on extortion of paperwork required to comply with the vaccine mandate. Plaintiff's RICO claim is largely composed of legal conclusions. The only apparent factual allegation regarding OSBA's involvement in an alleged conspiracy is on paragraph 416 of the FAC, which quotes OSBA's testimony advice to the school district about the requirements of the vaccine mandate. Because interpreting the law for a client does not constitute participating in extortion or

---

[1] Plaintiff concedes that she did not intend to plead Count 16 against OSBA and asks the Court to amend her FAC. Pl.'s Resp. to OSBA at 23-24. This Count should accordingly be dismissed with prejudice as to OSBA.
[2] Plaintiff alleges a "Neglect to Prevent" claim as Count 17 of her FAC under 42 U.S.C. § 1986. In the Ninth Circuit, a violation of § 1986 depends on a predicate violation of § 1985. *Mollnow v. Carlton*, 716 F.2d 627 (9th Cir. 1983). Because Plaintiff does not state a § 1985 claim against OSBA, her § 1986 claim should also be dismissed as to OSBA.

involuntary servitude, Count 39 should be dismissed as to OSBA. For the reasons stated, OSBA's Motion (ECF No. 67) should be granted.

## IV.    State Defendants' Motion to Dismiss

The State Defendants move to dismiss Plaintiff's claims against former governor Brown because she was not properly served. The State Defendants also move to dismiss Plaintiff's claims based on the Oregon constitution; against state agency officials in their official capacities; and Counts 1, 2, 3, 4, 5, 6, 12, 13, 14, 39, and 40. The State Defendants also assert qualified immunity against Plaintiff's ¶ 1983 claims.

### A.    Motion to Dismiss

#### 1. Oregon Constitutional Claims

Violations of state constitutions are not actionable under 42 U.S.C. § 1983. *See Lum v. City of Grants Pass*, 2011 WL 915385 (D. Or. 2011). Plaintiff's claims that purport to assert violations of the Oregon constitution under § 1983 should be dismissed.

#### 2. First Amendment Association Claim

Plaintiff clarifies in her Response (ECF No. 73) that her "Forced association" claim is not asserted against the State Defendants, contrary to the assertions in the FAC. This claim should be dismissed and Plaintiff should be given the opportunity to replead Count 14.

#### 3. Eleventh Amendment Immunity

The State Defendants assert Eleventh Amendment immunity against all of Plaintiff's damages claims against the state and state employees. "The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Yakama Indian Nation v. State of Wash. Dep't of Revenue,* 176 F.3d 1241, 1245 (9th Cir.1999). "Although the State of Oregon has consented to be

sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal courts for those torts." *Blair v. Toran,* No. CV–99–956–ST, 1999 WL 1270802, at *23 (D. Or. Dec.2, 1999), *aff'd,* No. 00–35035, 12 Fed. Appx. 604 (9th Cir. June 25, 2001). Plaintiff's damages claims against the State Defendants should be dismissed and Plaintiff should be given the opportunity to amend her claim for damages to clarify whether she seeks damages from the Oregon Employment Department or from Brown or Banks in their official capacities.

### 3. Separation of Powers

Count 1 of the FAC alleges that Brown and Banks' issuance of masking and vaccination requirements violated the principle of separation of powers because, as members of the executive branch, Brown and Banks should have relied on the Oregon state legislature to issue these requirements. The exercise of governmental power must be consistent with the design and requirements of the Constitution, including those provisions relating to the separation of powers. *Dept. of Transp. v. Assoc. of American Railroads*, 575 U.S. 43 (2015). However, Brown and Banks were officers of the state executive branch. Thus, Plaintiff's "separation of powers" claim does not implicate the United States Constitution, which addresses the separation of federal powers. Claims based on the Oregon Constitution are not properly brought under 42. U.S.C. § 1983. *Murray v. Dept. of Consumer and Business Servs.*, 210 WL 3604657 (D. Or. 2010). For these reasons, Count 1 fails to state a claim under § 1983 and should therefore be dismissed.

### 4. Equal Protection Claim

Count 2 of the FAC alleges an Equal Protection claim under the Fourteenth Amendment against defendants Brown, Banks, and Woods. As an initial matter, Plaintiff has failed to plausibly allege that she was treated unequally based on the allegedly impermissible

classification of being an educator. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Ashcroft*, 556 U.S. at 678-79 (the Court need not credit the plaintiff's legal conclusions that are couched as factual allegations.).

The State Defendants also argue that Plaintiff has failed to plausibly plead the elements of an Equal Protection claim because the vaccine mandates issued by Brown did not specifically target educators and health care workers, or any suspect or quasi-suspect class. As this Court noted in *Williams v. Brown*, 567 F. Supp. 3d 1213, 1224 (D. Or. 2021), "the vaccine mandates are plainly laws of broad applicability and apply respectively to healthcare workers, school employees, and state executive employees of Oregon." The Court agrees that the challenged vaccine mandate was a neutral rule of general applicability and therefore must satisfy only rational basis review.

Under rational basis review, the Court asks only whether the State Defendants' action "bears a rational relation to a legitimate government objective." *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 461-62 (1988). The Supreme Court has emphasized that application of rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993) (quoting *FCC v. Beach Communs., Inc.*, 508 U.S. 307, 313, (1993)). Laws under review, including rules passed by a school board, are presumed valid. *Harrah Indep. Sch. Dist.*, 440 U.S. at 198, 99 S.Ct. 1062. The government action passes muster "if there is any reasonably conceivable state of facts that could provide a rational basis." *Heller*, 509 U.S. at 320, 113 S.Ct. 2637. It is the burden of the party challenging a law to "negat[e] every conceivable basis which might support it." *Id.*

Here, the State Defendants' decision to pass the vaccine mandate was supported by the rational stated purpose of reducing the spread of the COVID-19 virus and thus satisfies the

standard of review. *See Kadrmas*, 487 U.S. at 461-62. Because the Court finds that any amendment to this claim would be futile, Count 2 should be dismissed with prejudice.

### 5. Vagueness Claim

Count 3 of Plaintiff's FAC alleges against defendants Banks, Hill, Sconce, Woods, and unnamed legal counsel that the vaccine mandate is unconstitutionally vague. A rule is unconstitutionally vague when it either "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008); *see also Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000); *Tingley v. Ferguson*, 47 F.4th 1055, 1089 (9th Cir. 2022). In the Ninth Circuit, to survive a claim of unconstitutional vagueness a law need only give "fair notice of what is prohibited," and not allow "seriously discriminatory enforcement." *Butcher v. Knudsen*, 38 F.4th 1163, 1169 (9th Cir. 2022).

Here, Plaintiff fails to plausibly allege facts that would show the vaccine mandate was unconstitutionally vague. Plaintiff acknowledges that the vaccine mandate directed her to get a vaccine or, in the alternative, to submit an exemption. The Court is satisfied that the vaccine mandate provided fair notice of what was required to a person of ordinary intelligence and did not allow for "seriously discriminatory enforcement." *Butcher*, 38 F.4th at 1169. While Plaintiff alleges that she was unable to submit an exemption request in the manner of her choice due to her religious beliefs, this does not constitute vagueness under the law. Because amendment would be futile, Count 3 of the FAC should be dismissed with prejudice.

### 6. Violation of the Contract and Bill of Attainder Clause

Plaintiff's Count 4 appears to allege a cause of action under "contract and bill of attainder by way of the 14th Amendment" against defendants Brown and Banks. For government conduct to fall within the purview of the Bill of Attainder clause of the U.S. Constitution, the alleged act must be made by the state legislature. *Alvarez v. Sitts*, 2020 WL 5027131 (D. Or. Aug. 25, 2020). Legislative acts do not include "the acts of administrative or executive boards or officers[.]" *Ross v. State of Oregon*, 227 U.S. 150, 162-63 (1913). At the time of their alleged actions, Banks was the Public Health Administrator and Brown was the governor of Oregon. Both actors were thus officers of the state executive branch and their actions do not constitute legislative acts for the purposes of the Bill of Attainder clause. Because Plaintiff has not plausibly alleged a legislative act sufficient to substantiate her claim, Count 4 should also be dismissed.

Even assuming Banks' actions as public health administrator could be construed as legislative, Plaintiff cannot state a claim of violation of the contracts and bill of attainder clause of the U.S. Constitution because the vaccine mandate was a public health a safety measure and was not intended to punish. In *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977), the Supreme Court concluded that legislation that has the effect of punishing a class of persons could withstand a challenge under the Bill of Attainder clause so long as it was enacted for otherwise legitimate purposes and the punishment was a side-effect rather than the main purpose of the law. Here, even if the vaccine mandate can be said to have "punished" Plaintiff, that was clearly a side-effect of this neutral and generally applicable rule enacted for legitimate public health and safety purposes.

Count 4 also alleges violation of the Contracts Clause of Article I, Section 10 of the U.S. Constitution, stating in effect that Banks and Brown's actions constituted a legislative act that impaired Plaintiff's employment contract. As discussed above, Brown and Banks, as executive

officers, did not perform legislative acts by passing the vaccine mandate and mask mandate. Further, even if their actions could be construed as legislative, Count 4 would fail to state a claim. If a law has the effect of impairing a contract, the Court must consider whether the law appropriately and reasonably advances "a significant and legitimate public purpose." *Apartment Assoc. of Los Angeles Cnty. v. City of Los Angeles*, 10 F.4th 905, 912 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1699 (2022). The Ninth Circuit has held that an eviction moratorium that substantially impaired rental contracts was "an appropriate and reasonable way to advance a significant and legitimate public purpose" because it was designed to alleviate public harm through the spread of the COVID-19 virus. Similarly, the vaccine mandate and mask mandate were reasonable means to advance the significant and legitimate public purpose of slowing the spread of COVID-19. For these reasons, any amendment would be futile and Count 4 should be dismissed with prejudice.

### 7. Conspiracy and RICO claims

Plaintiff's FAC asserts at least three claims alleging a conspiracy amongst the defendants. Count 5 alleges a "conspiracy against rights" by all named defendants under 42 U.S.C. § 1983. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Here, Plaintiff has failed to plausibly state a claim that each and every named defendant shared the common objective of violating Plaintiff's constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Specifically, it is simply not plausible, and Plaintiff has provided no factual details to suggest, that the OED Defendants,

Day Creek Defendants, Oregon School Board, and State Defendants came to an agreement regarding a common objective to deprive Plaintiff of her rights. Plaintiff's claim of conspiracy against rights under § 1983 should therefore be dismissed.

Count 16 of the FAC asserts against Woods, Hill, and Sconce a claim under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights. In *Griffin v. Breckenridge*, 403 U.S. 88 (1971), the Supreme Court noted that § 1985(3) was initially intended to create a statutory cause of action for African American citizens who have been the victims of conspiratorial, racially discriminatory private action aimed at depriving them of basic rights. *Id.* at 105. Here, the goal of preventing the spread of COVID-19 does not qualify as an invidiously discriminatory animus directed at Plaintiff. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993). Any incidental effect on Plaintiff's constitutional rights, which Plaintiff has alleged, does not suffice to create an inference of conspiracy to deprive Plaintiff of her protected rights to freely associate, freely exercise her religious views, or to be secure in "her person and her papers." FAC ¶ 875. Count 16 should be dismissed.

Count 39 of the FAC appears to assert a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) statute, 18 U.S.C. § 1962, against Brown, Banks, Hill, Woods, Sconce, and the insurer's unnamed legal counsel. To state a civil RICO claim, a plaintiff must allege that the defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property. 18 U.S.C.A. §§ 1962(c), 1964(c). The factual allegations marshalled to support Count 39 against the State Defendants are that Banks issued a vaccination rule after former governor Brown directed her to do so. Without more, the alleged facts do not plausibly constitute an agreement to commit any of the indictable crimes enumerated in the

RICO statute, which include gambling, murder, kidnapping, arson, drug dealing, mail and wire fraud, and bribery. Because Plaintiff has failed to meet the pleading standard to state a RICO claim against any defendant, Count 39 should be dismissed.

### 8. Slavery Claim

Count 6 of the FAC appears to allege a claim under the Thirteenth Amendment, which abolished slavery, against Defendants Brown, Banks, and Woods. FAC ¶¶ 731-740. Count 6 alleges that, by promulgating the mask mandate, Defendants "enlisted" Plaintiff to "involuntarily perform public health mitigation measures." *Id.* at ¶ 737.

Section I of the Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Thirteenth Amendment ended chattel slavery in the U.S., a practice in which enslaved individuals were considered the personal property of others. Plaintiff has not pled any facts to support an allegation that she was enslaved by any named Defendant. Count 6 alleges that Plaintiff was able to choose between retaining her contracted employment relationship or complying with the mask mandate, which sharply contrasts with the forced labor and absence of contractual freedom characteristic of chattel slavery in U.S. history. Because amendment of this claim would be futile, this claim should be dismissed with prejudice.

### 9. Illegal Search and Seizure

Count 12 alleges a claim under the Fourth Amendment for illegal search and seizure by defendants Banks, Hill, Sconce, and Woods. FAC ¶¶ 804-821. The Fourth Amendment protects people from unreasonable searches and seizures by the government. *See, e.g., U.S. v. Calandra*, 414 U.S. 338 (1974). In a civil context, courts have "been careful to observe that the application

of the [Fourth] amendment is limited." *Farhoud v. Brown*, 2022 WL 326092 at *12 (D. Or. 2022). In the civil context, the Court applies a "reasonableness" standard for government searches. *Board of Ed. Of Ind. Sch. Dist. No. 92 v. Earls*, 536 U.S. 822, 828 (2002). Based on Plaintiff's allegations, the requirement to show proof of vaccination or request a religious exemption were conditions of Plaintiff's continued employment. The Court finds that these conditions were based on a legitimate government interest and that the requirements of the vaccine mandate were reasonable given the COVID-19 emergency. *See id.* at 829. Because Plaintiff has failed to state a plausible claim that the vaccine mandate's requirements violate the Fourth Amendment, and the Court finds that amendment would be futile, Count 12 should be dismissed with prejudice.

### 10. Free Exercise Claim

Count 13 of the FAC alleges a First Amendment claim that defendants Banks, Woods, Hill, Sconce, and Doe deprived Plaintiff of her right to freely exercise her religious beliefs. FAC ¶¶ 822-838. Challenges to neutral laws of general applicability are subject to rational basis review. *Kennedy v. Bremerton School Dist.*, 597 U.S. __ (2022). Courts have consistently rejected free exercise challenge to vaccination requirements in school settings. *See, e.g., Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944) ("The right to practice religion freely does not include liberty to expose the community … to communicable disease"). The Supreme Court stated in *Fulton v. City of Philadelphia*, 141 S.Ct. 1868, 1876-77 (2021) that "laws incidentally burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." As discussed above, the vaccine mandate was a neutral law of general applicability and allowed exemptions for religious beliefs. The implementation of this Rule was supported by a rational basis: reducing the spread of the

COVID-19 virus. *See Kennedy*, 597 U.S. ___. Because the Vaccine mandate satisfies rational basis review, Plaintiff's free exercise claim should be dismissed.

### 11. Freedom of Association

Count 14 of the FAC alleges "forced association" against Defendants Brown, Banks, Hill, and Sconce. FAC ¶¶ 839-862. Plaintiff argues that the vaccine mandate "forced [her] into an act of implicitly agreeing that children need to be protected from COVID-19." *See* Pl.'s Resp. to OSBA at ¶ 119. As alleged in the FAC, however, vaccine mandate did not require any such agreement or allegation; it simply required Plaintiff to provide proof of vaccination or to complete a religious exemption form. Plaintiff has not alleged facts that would support an inference that Defendants compelled Plaintiff to associate with any person, belief, or ideology in violation of her constitutional rights. This claim should be dismissed.

### 12. Procedural Due Process

Count 40 of the FAC alleges that the Oregon Employment Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment. "The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) the lack of adequate process. *Id.* at 1090. "Notice and a meaningful opportunity to be heard are the hallmarks of procedural due process." *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) (simplified).

As an initial matter, Plaintiff has failed to show, without more than legal conclusions, that she has a constitutionally-protected interest in being allowed to refuse to receive a vaccine. Even

if Plaintiff's refusal to comply with a public health mandate constituted a protected liberty interest, however, Plaintiff fails to allege what additional process was due. There is no dispute that Plaintiff received notice of OED's decision and an opportunity to be heard at an administrative hearing regarding her eligibility for employment benefits. *See* FAC ¶¶ 1102-16. Although Plaintiff characterizes this opportunity as a "sham" and alleges "potential[] … racial animus against Plaintiff" by the administrative law judge, she does not provide sufficient factual information to show how or what deficiencies in this hearing would support a procedural due process claim. *Id.* Plaintiff's Fourteenth Amendment claim for procedural due process should be dismissed.

**B.    Qualified Immunity and Sufficiency of Service**

Because the Court agrees that it should dismiss all claims against the State Defendants pursuant to Rule 12(b)(6), the Court need not reach the issues of qualified immunity and sufficiency of service on former governor Brown.

**V.    Forgery and Extortion Claims**

The Court notes, finally, that Counts 21 and 38 appear to allege state law claims of forgery and extortion under O.R.S. § 165.007 and § 164.075. O.R.S. § 165.007, Forgery in the second degree, is a criminal statute that describes a Class A misdemeanor. Likewise, O.R.S. § 164.075, Extortion, describes a Class B felony. Because there is nothing in either statute to indicate a private right of action to assert these claims, Counts 21 and 38 should be dismissed with prejudice.

## RECOMMENDATION

For the reasons above, OSBA's motion (ECF No. 67) should be GRANTED. The State Defendants' motion (ECF No. 68) should be GRANTED. The OEA and Bob Sconce's motion

(ECF No. 69) should be GRANTED. The Day Creek Defendants' motion (ECF No. 64) should

be GRANTED. Plaintiff's FAC should be dismissed. Counts 2, 3, 4, 6, 12, 21 and 38 should be

dismissed with prejudice. Counts 5, 13, 14, 16, and 17 should be dismissed with prejudice as to

Defendant OSBA. All damages claims alleged against the State Defendants in their official

capacities should be dismissed with prejudice. Plaintiff should be instructed to file a Second

Amended Complaint consistent with this opinion that clearly links factual allegations with the

surviving individual claims and that is free of needlessly repetitive material, legal conclusions,

and irrelevant factual allegations.

This recommendation is not an order that is immediately appealable to the Ninth Circuit

Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)

should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this

Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R.

Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the

District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this <u>30th</u> day of October 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge