KAREN L. O'CONNOR, OSB No. 953710
karen.oconnor@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendant Bob Sconce*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JILL BONG, | Case No.:  6:23-cv-00417-MK |
| Plaintiff, | DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES TO CORRECTED SECOND AMENDED COMPLAINT |
| v. | |
| KATE BROWN in both her individual and official capacity as Governor of the STATE OF OREGON, RACHAEL BANKS in both her individual and official capacity as Public Health Director of OREGON HEALTH AUTHORITY, STEVE WOODS in both his individual and official capacity as Superintendent of DOUGLAS COUNTY SCHOOL DISTRICT 15 ("the School"), REX FULLER in both his individual and official capacity as District Board member of the School, CLINT THOMPSON in both his individual and official capacity as District Board member of the School, JOHN BOLING in both his individual and official capacity as District Board member of the School, CHARLIE SAWYER in both his individual and official capacity as District Board member of the School, REBEKAH | |

Page 1   -   DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
              TO CORRECTED SECOND AMENDED COMPLAINT

SAWYER in both her individual and official capacity as District Board member of the School, VALERIE ANDERSON in both her individual and official capacity as District Board member of the School, HOLLY HILL in both her individual and official capacity as Human Resources Director of DOUGLAS EDUCATION SERVICE DISTRICT, BOB SCONCE in both his individual and official capacity as Uniserv Consultant of OREGON EDUCATION ASSOCIATION, unknown legal counsel in both their individual and official capacities as legal counsel for OREGON SCHOOL BOARDS ASSOCIATION ("insurer"), OREGON EMPLOYMENT DEPARTMENT

Defendants.

In response to Plaintiff's Corrected Second Amended Complaint ("CSAC"), Defendant Bob Sconce ("Defendant Sconce") admits, denies and alleges as follows:

1.    Plaintiff's CSAC contains various unnumbered and introductory or explanatory paragraphs to which no response is required.  To the extent such paragraphs purport to allege facts, Defendant Sconce denies them.

2.    The following paragraphs in Plaintiff's CSAC set forth legal conclusions to which no response is required.  To the extent these paragraphs purport to allege facts, Defendant Sconce denies them:  1-5, 27, 42-44, 61, 87, 113, 132, 161-164, 190, 194-197, 201-206, 212-215, 219, 223-225, 238, 240, 262, 280, 335, 386-389, 395-398, 404, 406, 408-410, 425-426, 429, 436, 438-441, 444, 445, 470-472, 493, 504, 510-512, 514, 550, 552-554, 605, 618-620, 622-624, 628, 631-636, 638, 639, 640-658, 666-694.

3.    Defendant Sconce lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the following paragraphs in Plaintiff's CSAC, and

Page 2  -  DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
               TO CORRECTED SECOND AMENDED COMPLAINT

therefore denies them:  6, 8-14, 16, 18, 22, 26, 48 - 56, 59, 64, 70, 75, 77 - 82, 84, 85, 89 - 112, 115 - 117, 121, 134 - 136, 157 - 160, 166, 170, 172, 174, 175, 184, 186-188, 192, 207, 218, 220, 227, 228, 232 - 235, 239, 241 - 257, 263 - 266, 271 - 279, 283 - 296, 302-309, 313-316, 326, 336-344, 347-351, 353, 355-363, 369-374, 376, 381, 382, 390, 392, 394, 400-402, 405, 407, 411, 412, 415, 418-424, 427, 433-434, 446-447, 461-466, 479-480, 484-485, 491, 500, 503, 505, 506, 508, 509, 514-549, 555, 556, 558, 695-696.

4.    Defendant Sconce denies the following paragraphs in Plaintiff's CSAC: 28-41, 45, 62, 68, 73, 83, 86, 88, 114, 118, 120, 123, 133, 138, 139, 141, 145, 146, 149-154, 167, 171, 178, 180-182, 191, 193, 199-200, 208-209, 211, 216-217, 221-222, 226, 230, 259-261, 267-268, 270, 282, 297, 312, 318-319, 321, 324, 328, 331, 333-334, 366-367, 377, 383, 385, 413-414, 416, 442, 448, 492, 494, 496-498, 507, 621, 625-627, 629-630, 637, 659 – 665, 697-699.

5.    Defendant Sconce admits the following paragraphs: 7, 15, 17, 19, 21, 23, 25, 46, 47, 57, 58, 74, 76, 229, 236, 258, 298, 310, 311, 317, 322, 323, 325, 327, 329, 330, 332, 417, 430, 431, 467, 469.

6.    Responding to paragraph 20, Defendant Sconce admits that he is a resident of the State of Oregon.  Except as expressly admitted, Defendant Sconce denies the allegations in paragraph 20.

7.    Responding to paragraph 24, Defendant Sconce admits that Kate Brown was the Governor of the State of Oregon.  Except as expressly admitted, Defendant Sconce denies the allegations in paragraph 24.

8.    Responding to paragraphs 60, 63, 65-67, 69, 71-72, 119, 122, 124-131, 137, 140, 142-143, 147, 156, 164-165, 168-169, 173, 176-177, 179, 183, 185, 189, 198, 210, 231, 281, 375, 378-380, 384, 387, 468, 473-478, 481-483, 486-490, 495, 499, 501, 502, 544, 551, 557,

Page 3    -    DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
                 TO CORRECTED SECOND AMENDED COMPLAINT

123666482.1 0077596-00012

Defendant Sconce admits that beginning in March 2020, Governor Brown and various state, federal and local agencies issued various directives and orders regarding the COVID-19 pandemic, which are matters of public record and which speak for themselves.  Except as expressly admitted, Defendant Sconce denies the allegations in these paragraphs.

9.    Responding to paragraphs 236, 237, and 403, which refer to Plaintiff's employment contract, Defendant Sconce responds that the contract speaks for itself.  Except as expressly admitted, Defendant Sconce denies the factual allegations in these paragraphs.

10.    Responding to paragraph 269, Defendant Sconce admits that plaintiff requested a religious accommodation.  Except as expressly admitted, Defendant Sconce denies the allegations in paragraph 269.

11.    Responding to paragraphs 299, 300 and 301, Defendant Sconce admits that he and Superintendent Woods and Ms. Hill were all seated in the room, as was plaintiff.  Except as expressly admitted, Defendant Sconce denies the allegations in these paragraphs.

12.    Responding to paragraph 320, Defendant Sconce admits that Plaintiff was expected to use the specific form authorized by the Oregon Health Authority to request an exemption.  Except as expressly admitted, Defendant Sconce denies the allegations in this paragraph.

13.    Responding to paragraphs 345 and 346, Defendant Sconce admits that Plaintiff printed her name on the OHA form, and further admits that rather than sign the form with her signature, Plaintiff wrote the words "under duress" on the signature line.  Except as expressly admitted, Defendant Sconce denies the factual allegations in these paragraphs.

14.     Responding to paragraph 352, Defendant Sconce admits that to the best of his knowledge, Plaintiff received a Notice of Termination effective October 19, 2021.  Except as expressly admitted, Defendant Sconce denies the allegations in this paragraph.

15.     Responding to paragraphs 364, 365, 368, 391, 393, 428, 432, 435, 437, 449, 450, 451, 452, 453, 454, 455, 456, and 604, which purport to quote sworn testimony from various unemployment hearings, and/or the resulting determinations, Defendant Sconce refers to and incorporates the official transcript from said hearings and the ultimate determinations from said hearings.

16.     Responding to paragraphs 443, 457, 458, 459, and 460, Defendant Sconce admits that plaintiff appealed various rulings from the Employment Department and the Employment Appeals Board, which rulings and processes speak for themselves.

17.     Paragraphs 559 – 570 pertain to Plaintiff's alleged claim of vicarious liability against Douglas ESD, which does not pertain to Defendant Sconce.  To the extent these paragraphs purport to allege facts relating to Defendant Sconce, Defendant Sconce denies them.

18.     Responding to Paragraphs 571 - 582, Defendant Sconce admits that he was and is an employee of the Oregon Education Association, and further admits that he attended the October 14, 2021 meeting with Plaintiff, Ms. Hill and the Superintendent.  Except as expressly admitted, Defendant Sconce denies the allegations in these paragraphs.

19.     Paragraphs 583 – 591 pertain to Plaintiff's alleged claim of respondeat superior against the Oregon School Boards Association, which does not pertain to Defendant Sconce.  To the extent these paragraphs purport to allege facts relating to Defendant Sconce, Defendant Sconce denies them.

Page 5    -    DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
                TO CORRECTED SECOND AMENDED COMPLAINT

20.    Paragraphs 592 - 603 purport to allege a claim against the Oregon Education Association and/or Defendant Sconce under Section 1983, but the allegations pertain only to Defendant Sconce and his purported and alleged actions.  Defendant Sconce denies the allegations in these paragraphs.

21.    Paragraphs 606 - 617 purport to allege a claim against the Oregon School Boards Association, which does not pertain to Defendant Sconce.  To the extent these paragraphs purport to allege facts relating to Defendant Sconce, Defendant Sconce denies them.

22.    Count 1 (paragraphs 699-713); Count 2 (paragraphs 714 – 766), Count 4 (paragraphs 799 – 834), Count 6 (paragraphs 868 – 879); Count 7 (paragraphs 880 – 889); Count 8 (paragraphs 890 – 896); Count 9 (paragraphs 897 – 910); Count 10 (paragraphs 911 – 921); Count 11 (paragraphs 922 – 932), Count 15 (paragraphs 1068 – 1078); Count 17 (paragraphs 1090 – 1096); Count 18 (paragraphs 1097 – 1115); Count 19 (paragraphs 1116 -1137); Count 20 (paragraphs 1138 – 1152); Count 22 (paragraphs 1153 – 1164); Count 23 (paragraphs 1165 – 1173); Counts 25 – 28 (paragraphs 1188 – 1197); Counts 29 – 34 (paragraphs 1198 – 1213); Count 35 (paragraphs 1214 – 1228); Count 36 (paragraphs 1230 – 1242); Count 37 (paragraphs 1243 – 1250); Count 40 (paragraphs 1303 – 1342); Count 41 (paragraphs 1343 – 1357); and Count 42 (paragraphs 1358 – 1390) are alleged against defendants other than Defendant Sconce, do not reference or otherwise involve Defendant Sconce, and thus do not require a response from Defendant Sconce. To the extent these counts are alleged and or purport to allege facts against Defendant Sconce, Defendant Sconce denies them.

23.    Responding to Count 12 (paragraphs 933 – 949), Defendant Sconce denies the allegations in this Count and said paragraphs.

Page 6    -    DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
TO CORRECTED SECOND AMENDED COMPLAINT

24. Responding to Count 13 (paragraphs 950 – 998), Defendant Sconce denies the allegations in this Count and said paragraphs.

25. Responding to Count 14 (paragraphs 999 – 1067), Defendant Sconce denies the allegations in this Count and said paragraphs.

26. Responding to Count 16 (paragraphs 1079 - 1089), Defendant Sconce denies the allegations in this Count and said paragraphs.

27. Responding to Count 24 (paragraphs 1174 - 1187), Defendant Sconce denies the allegations in this Count and said paragraphs.

28. Responding to Count 39 (paragraphs 1251 - 1302), Defendant Sconce denies the allegations in this Count and said paragraphs.

29. Defendant Sconce denies the allegations in paragraphs 1391, 1392, and 1393.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief requires no answer. Defendant Sconce denies, however, that Plaintiff is entitled to any damages, lost wages, fees costs, or any other relief.

Except as expressly stated above, Defendant Sconce denies each and every allegation in Plaintiff's Corrected Second Amended Complaint and the whole thereof.

## AFFIRMATIVE DEFENSES

Without assuming plaintiff's burden of proof on any issue, Defendant Sconce asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

30. Plaintiff fails to state a claim upon which relief can be granted.

/ / /

/ / /

Page 7   -   DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
TO CORRECTED SECOND AMENDED COMPLAINT

123666482.1 0077596-00012

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

31.    Without conceding that plaintiff has suffered any damages, plaintiff has failed to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

32.    All or part of plaintiff's claims are barred by the applicable statutes of limitations to the extent her claims are premised on events occurring outside the statutory limitations period.

## FOURTH AFFIRMATIVE DEFENSE
### (Legitimate, Nondiscriminatory Reasons)

33.    Every employment decision made regarding Plaintiff's employment was made for legitimate, non-discriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith; Not Willful)

34.    Any alleged damages, including punitive damages, are inappropriate or barred because Defendant Sconce made good faith efforts to comply with applicable law.  Any alleged statutory violations were not willful.

## SIXTH AFFIRMATIVE DEFENSE
### (Compliance with Applicable Law)

35.    Plaintiff's claims are barred, in whole or in part, because Defendant Sconce acted in compliance with applicable law, governing regulations, and industry standards in effect at all relevant times.

## SEVENTH AFFIRMATIVE DEFENSE
### (Undue Hardship)

36.    Plaintiff's requested accommodations would have imposed an undue hardship.

/ / /

Page 8   -   DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
TO CORRECTED SECOND AMENDED COMPLAINT

123666482.1 0077596-00012

**EIGHTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

37.    Defendant Sconce expressly reserves the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, on Plaintiff's claims for relief, Defendant Sconce prays for judgment as follows:

1.    Dismissing all of Plaintiffs' claims with prejudice;

2.    Awarding Defendant Sconce his costs, disbursements, and attorneys' fees in defending this action, including Plaintiff's claims and allegations that were not made in good faith; and

3.    For such other relief as deemed just and equitable.

DATED:  August 5, 2024.                    STOEL RIVES LLP

 s/ Karen L. O'Connor
KAREN L. O'CONNOR, OSB No. 953710
karen.oconnor@stoel.com
Telephone:  503.224.3380

*Attorneys for Defendant Bob Sconce*

Page 9    -    DEFENDANT BOB SCONCE'S ANSWER AND AFFIRMATIVE DEFENSES
TO CORRECTED SECOND AMENDED COMPLAINT

123666482.1 0077596-00012