**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
2100 NE Broadway, #119
Portland, OR 97232
Telephone: 503-673-3022
Of Attorneys for the Days Creek Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

|  |  |
|---|---|
| JILL BONG,<br><br>              Plaintiffs,<br><br>   v.<br><br>KATE BROWN, *et al*,<br><br>              Defendants. | Case No.: 6:23-cv-00417-MK<br><br>DAYS CREEK DEFENDANTS'<br>MOTION TO DISMISS PER FRCP 8,<br>12(b)(6) and 12(e) |

Defendants Steve Woods, Rex Fuller, Clint Thompson, John Boling, Charlie Sawyer, Rebekah Sawyer, Valerie Anderson, and Holly Hill ("defendants") respectfully submit the within Motion to Dismiss plaintiff's First Amended Complaint. The motion is supported by the points and authorities below, and the Declaration of Brett Mersereau, as well as the court's file in this matter.

PAGE 1 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

# TABLE OF CONTENTS

I.    CERTIFICATE OF CONFERRAL ......................................................................1

II.   MOTION ....................................................................................................2

III.  REQUEST FOR JUDICIAL NOTICE ..................................................................2

IV.   PROCEDURAL HISTORY ................................................................................3

V.    DISCUSSION ................................................................................................4

    1.    Plaintiff's SAC still does not meet the dictates of FRCP 8 ...................................4

    2.    Alternatively, the SAC does not meet the requirements of FRCP 12(e)................6

    3.    Legal standards governing motions under FRCP 12(b)(6). ...................................7

    4.    Plaintiff fails to state a claim for relief against defendants....................................8

    5.    Plaintiff's claims for conspiracy and RICO violations have already been found by this court to be subject to dismissal.............................................................10

    6.    Plaintiff's claim under 42 USC §1981 is subject to dismissal.............................11

    7.    The SAC does not state a claim for intentional interference with economic relations.........................................................................................................11

    8.    Plaintiff has failed to state a claim under ORS 659A.030... ..................................13

    9.    Plaintiff's claims under Title VII and the ADA claims are time-barred.. ..............14

    10.   Plaintiff's statutory claims under Title VII and the ADA cannot be pled against individual defendants.........................................................................................14

    11.   Plaintiff fails to state a claim under ORS 659A.136...........................................15

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

12.    Plaintiff fails to state a claim under the First Amendment, or under §1985 and §1986.. ...................................................................................................16

13.    Plaintiff's claim for 1st Amendment retaliation is deficient and must be dismissed.. ............................................................................................16

14.    Plaintiff has failed to state a claim for breach of contract. ..................................19

15.    Plaintiff has not stated a claim for breach of fiduciary duty. ...............................19

16.    Plaintiff has not stated a claim for violation of her procedural due process rights ....................................................................................................................20

17.    Plaintiff has not stated a claim for violation of her liberty interest rights.. ...........23

18.    Plaintiff has not stated a claim for wrongful termination... ..................................24

19.    Plaintiff fails to state a claim for violation of her substantive due process rights … ..................................................................................................................25

V.    CONCLUSION ...............................................................................................25

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

## TABLE OF AUTHORITIES

<u>Cases</u>

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ...................................................................7

*Askins v. United States Dep't of Homeland Sec.,* 899 F.3d 1035, 1043 (9th Cir. 2018).........10-11

*Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). .......................................22

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ...............................................7

*Bennett v. Farmers Ins. Co.,* 150 Or App 63, 79 (1997)......................................19-20

*Board of Regents v. Roth,* 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972) ...........21

*Boers v. Payline Sys.,* 141 Or App 238, 242 (1996)......................................................13

*Bollow v. Federal Reserve Bank,* 650 F.2d 1093, 1101 (9th Cir. 1981).....................................23

*Brady v. Gebbie,* 859 F.2d 1543, 1547-48 (9th Cir. 1988).........................................21

*Brewster v. Board of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 983 (9th Cir. 1998).22

*Carey v. Piphus,* 435 U.S. 247, 259, 55 L. Ed. 2d 252, 98 S. Ct. 1042 (1978)..........................20

*Chesterman v. Barmon,* 305 Or 439, 442 (1988) ........................................................13

*Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985)..............................................22

*Conway v. Pacific Univ.,* 324 Or 231, 241 (1996).  .......................................................20

*Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). ................................................8

*Desrochers v. City of San Bernardino,* 572 F.3d 703, 710 (9th Cir. July 13, 2009)...................17

*Doria v. Yelp Inc.,* 2024 U.S. Dist. LEXIS 73469, *8 (D. Ariz. April 22, 2024); ........................3

*Dorr v. County of Butte,* 795 F.2d 875, 876 (9th Cir. 1986) .......................................21

*Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir. January 14, 2009)..............................................17

*Heiple v. Henderson,* 229 Or App 693, 699 (2009) ................................................15

*Johnson v. Brown,* 567 F.Supp.2d 1230 (D.Or. October 18, 2021)...........................................27

*Llamas v. Butte Community College Dist.,* 238 F.3d 1123, 1129 (9th Cir. 2001). .....................23

*Mathews v. Eldridge,* 424 U.S. 319, 334 (1976). ..........................................................22

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

*Matthews v. Harney County,* 819 F.2d 889, 891 (9th Cir. 1987)..................................23

*Mazzorana v. Emergency Physicians Med. Grp., Inc.,* No. 2:12-CV-1837, 2013 U.S. Dist.
  LEXIS 111274, 2013 WL 4040791, at *5 (D. Nev. Aug. 6, 2013) ...................................3

*McGanty v. Staudenraus,* 321 Or 532, 535 (1995) ...............................................12

*McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996)..........................................6

*Mendel v. Chao,* 2020 U.S. Dist. LEXIS 268355, *8 (N.D. Cal., June 18, 2020) ...................6

*Olsen v. Deschutes Cty.,* 204 Or App 7, 14 (2006) ............................................24

*Onita Pac. Corp v. Trs. of Bronson,* 315 Or 149, 161 (1992) ..................................20

*Paul v. Davis,* 424 U.S. 693, 712 (1976). ....................................................23

*Perry v. Sindermann,* 408 U.S. 593 (1972). ...................................................21

*Reed v. Cognizant Tech. Sols.,* 2020 U.S. Dist. LEXIS 105805, 2020 WL 3268691, at *1 n.1 (D.
  Ariz. June 16, 2020) .......................................................................3

*Schram v. Albertson's, Inc.,* 146 Or App 415, 426 (1997). ....................................25

*Scott v. Gino Morena Enters., LLC,* 888 F.3d 1101, 1107 (9th Cir. April 27, 2018)..............14

*Taylor v. Yee,* 780 F.3d 928, 935 (9th Cir. 2015).............................................8

*Todd v. Ellis,* 2013 U.S. Dist. LEXIS 89312, *5 (E.D. Cal., June 24, 2013) ....................6

*United States v. 14.02 Acres of Land More or Less in Fresno Cnty.,* 547 F.3d 943, 955 (9th Cir.
  2008). .....................................................................................3

*Walsh v. Nev. Dep't of Human Res.,* 471 F.3d 1033, 1038 (9th Cir. December 18, 2006) ..........15

*Wenger v. Monroe,* 282 F.3d 1068, 1074 (9th Cir. 2002) .......................................23

*Yoshikawa v. Seguirant,* 74 F.4th 1042, 1047 (9th Cir. July 25, 2023) ........................11

PAGE iv -    TABLE OF AUTHORITIES

<u>Statutes</u>

42 U.S.C. § 1981 ...................................................................................................................11

42 U.S.C. § 1983 ...................................................................................................10, 16, 20

42 U.S.C. § 1985 ...................................................................................................................16

42 U.S.C. § 1986 ...................................................................................................................16

42 USC § 2000e-5 ................................................................................................................14

OAR 333-019-1030 ...................................................................................................15, 16, 18

ORS 332.057 ..........................................................................................................................23

ORS 342.835 ..........................................................................................................................21

ORS 659A.030 ......................................................................................................................13

ORS 659A.136 ..............................................................................................................15, 16


<u>Rules</u>

Fed. R. Civ. P. 12(b)(6) ......................................................................................................7

The Law Office of Brett Mersereau
2100 NE Broadway #119, Portland, OR 97232
503-673-3022; brett@brettmersereau.com

1
2
3
4

**CERTIFICATE OF CONFERRAL**

5

Pursuant to Local Rule 7-1, undersigned counsel hereby certifies that he attempted to

6

confer with plaintiff regarding this motion, but that plaintiff did not respond to email or

7
8

voicemail communications.

9
10

**MOTION**

11

Pursuant to FRCP 8, defendants move this Court for an Order dismissing plaintiff's

12
13

complaint, or in the alternative requiring plaintiff to replead her complaint to bring it into

14

compliance with FRCP 8.  Additionally, pursuant to FRCP 12(e), defendants move this court for

15

an Order requiring a more definite statement from plaintiff.

16

In the alternative, defendants move this court for its order dismissing plaintiff's

17
18

complaint for its failure to state a claim against them, per FRCP 12(b)(6).

19
20

**REQUEST FOR JUDICIAL NOTICE**

21

Pursuant to FRE 201, defendants request that this court take notice of two administrative

22
23

documents issued by the EEOC, attached as exhibits 1 and 2 to the Declaration of Brett

24

Mersereau, filed herewith.  These documents are the Charge of Discrimination related to

25

plaintiff's EEOC complaint, dated February 2, 2022, and the EEOC's Determination Letter,

26

PAGE 2 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
            and 12(e)

1

2     dated June 2, 2022.

3          Generally speaking, reports and documents issued by administrative bodies are

4     appropriate for judicial notice.  *United States v. 14.02 Acres of Land More or Less in Fresno*

5     *Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008).  Courts "regularly" take judicial notice of EEOC

6     documents.  *Doria v. Yelp Inc.*, 2024 U.S. Dist. LEXIS 73469, *8 (D. Ariz. April 22, 2024); *see*

7     *also Mazzorana v. Emergency Physicians Med. Grp., Inc.,* No. 2:12-CV-1837, 2013 U.S. Dist.

8     LEXIS 111274, 2013 WL 4040791, at *5 (D. Nev. Aug. 6, 2013); *and Reed v. Cognizant Tech.*

9     *Sols.,* 2020 U.S. Dist. LEXIS 105805, 2020 WL 3268691, at *1 n.1 (D. Ariz. June 16, 2020).

10

11

12

13                              **PROCEDURAL HISTORY**

14          The court's file will reflect that plaintiff's initial complaint was filed on March 22, 2023.

15     ECF 1.  Defendants responded to that complaint with a motion to dismiss per FRCP 8 and 12(e).

16     ECF 64.  On October 30, 2023, this court granted defendants' motion and dismissed plaintiff's

17     complaint without prejudice.  ECF 139.  The court found that plaintiff's complaint "is 200 pages

18     long excluding attachments and contains over 1000 paragraphs, many of which appear to be

19     irrelevant statements and legal conclusions.  The court agrees with Defendants that the FAC is

20     excessive such that it violates Rule 8(a)."  F&R, ECF 139, at 6.

21

22          In that Order, the court dismissed with prejudice plaintiff's claims for violation of her

23     14th Amendment equal protection rights (2nd claim); for "14th Amendment vagueness" (3rd

24     claim); for violation of her 13th Amendment rights (6th claim); and for violation of her 4th

25

26

PAGE 3 -      DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
              and 12(e)

Amendment rights (12th claim).  Those claims are subject to plaintiff's Objections to the F&R, and are currently before judge Ann Aiken.  Because they are currently dismissed with prejudice, this motion will not respond to those claims.

Plaintiff's Second Amended Complaint, which this motion addresses, was filed on July 14, 2024.  ECF 199.  It is 236 pages long, and contains 1,392 numbered paragraphs, followed by 31 lettered paragraphs.  *Id.*

**DISCUSSION**

**1.      Plaintiff's Second Amended Complaint still does not meet the dictates of FRCP 8.**

When evaluating plaintiff's previous 200-page, 1,123-paragraph complaint on defendant's motion to dismiss, this court found that it contained "many…irrelevant statements and legal conclusions…the FAC is excessive such that it violates Rule 8(a)."  F&R, ECF 139, p. 6.  In response, plaintiff has doubled down — this Second Amended Complaint contains 236 pages and 1,392 numbered paragraphs.  Plaintiff's Second Amended Complaint, ECF 199.

In fact, plaintiff appears to misunderstand both the court's ruling and the text of FRCP 8. Page 14 of her complaint begins with the heading, "FRCP 8(a) Short and Plain statement of Plaintiff's Claims," with the following paragraph alleging that "This section of this Second Amended Complaint ("SAC") includes these required statements, broken down into the distinct Defendants."  SAC, p. 14.  What follows are six pages of pure legal conclusions, e.g.:

- "Brown and Banks, while clothed in their respective official capacities, targeted

PAGE 4 -      DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

women via female-dominated industries to impose their personal, totalitarian ideological beliefs that individuals, as a condition of certain vocational employment, have to perform involuntary communicable disease mitigation services; and to give up their rights to freedom of religion and association; and their rights to personal privacy and their right to refuse medical treatment in order to keep others 'safe'," par. 29, p. 14; and

- "[Woods'] demand that Plaintiff and others to perform involuntary services through use of threats of job or professional licensure loss; by his efforts to chill Plaintiff's speech by overly instructing Plaintiff to stop speaking out against his demand for employee private medical histories as a condition of employment, then terminating Plaintiff's employment when Plaintiff refused to stop speaking out; by Woods' demand for Plaintiff's and others' highly valuable and transferable medical papers," par. 32, p. 15.

What follows that is a "FACTUAL ALLEGATIONS" section that spans nearly 100 more pages, followed by approximately 125 more pages of allegations that plaintiff titles "Claims for Relief." Plaintiff thus violates Rule 8(a) in at least two ways.

First, she does not appear to understand that FRCP 8 requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FRCP 8. She seems to believe that the court's prior ruling meant that her complaint was missing something, rather than that her complaint was excessively lengthy. If a 200-page complaint was "excessive", a 236-page complaint must be even more so.

Second, the SAC contains the same "irrelevant statements and legal conclusions" that the

PAGE 5 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

first did.  Plaintiff does not appear to have taken the court's ruling to heart — rather, she has repeated the same legal conclusions and inflammatory language that led her first complaint to be dismissed.  She alleges "religious persecution" (¶37); the defendants' "totalitarian ideology" (alleged 20 times); that she was a "human subject in a medical experiment without informed consent," (¶248); and so on.  Her pleading is "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs[.]"  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

For these reasons, plaintiff's SAC does not meet the requirements of FRCP 8(a), and should be dismissed.  If the court sees fit to permit plaintiff to re-plead, it should impose a page limit on any third amended complaint, as other courts have in similar situations.  *See, e.g., Mendel v. Chao*, 2020 U.S. Dist. LEXIS 268355, *8 (N.D. Cal., June 18, 2020) (30-page limit); *Todd v. Ellis*, 2013 U.S. Dist. LEXIS 89312, *5 (E.D. Cal., June 24, 2013) (20-page limit).


**2.    Alternatively, the SAC does not meet the requirements of FRCP 12(e).**

As demonstrated above, plaintiff's complaint meets FRCP 12(e)'s definition of a pleading that is "so vague and ambiguous that the [moving] party cannot reasonably prepare a response."  Although plaintiff's complaint is no longer a true "shotgun complaint", each claim for relief still incorporates prior allegations to a degree that make it as difficult to respond to as is a shotgun complaint.

PAGE 6 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
and 12(e)

1

2       For instance, on page 122, plaintiff alleges her second claim for relief, for violation of her

3   equal protection rights under the 14th Amendment.  In support of that claim, plaintiff pleads nine

4   pages' worth of allegations, and separately realleges and reincorporates eleven prior and later

5   sections of her complaint, comprising dozens of additional pages.  These "realleged" sections

6

7   often have nothing to do with the claim at issue; for instance, in support of her equal protection

8   claim, plaintiff "realleges" such other sections as "Plaintiff Discovers the Hidden Hand of the

9   School Insurer's Legal Counsel", p. 70; and "Totalitarian Ideology", p. 167.  This complaint is

10   thus functionally a shotgun pleading.

11

12       For these reasons, plaintiff's complaint should be dismissed.

13

14   **3.**      **Legal standards governing motions under FRCP 12(b)(6).**

15       To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

16

17   complaint must contain sufficient non-conclusory factual allegations to state a claim for relief

18   that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp.*

19   *v. Twombly*, 550 U.S. 544, 570 (2007). This requires the plaintiff to plead facts that "allow[] the

20   court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

21   While a complaint need not contain "detailed factual allegations," a pleading that offers only

22

23   "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not

24   sufficient. *Id*., *quoting Twombly*, 550 U.S. at 555.  In the absence of a cognizable legal theory or

25   sufficient factual allegations to support a cognizable legal theory, the claim should be dismissed.

26

PAGE 7 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

*Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). The court must accept all allegations of material facts as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**4.      Plaintiff fails to state a claim for relief against defendants.**

Plaintiff's SAC purports to allege 26 claims against one or more of the defendants associated with Days Creek.  Each of them has at least one fatal flaw, and is subject to dismissal. For ease of reference, what follows is a chart noting the claim for relief, where it can be found in the complaint, and a brief summary of defendants' argument against it.  These arguments are fleshed out in more detail in the following section.

| Claim, Defendant | Complaint page # | Defendants' response |
|---|---|---|
| 5:  §1983 conspiracy against rights vs. all defendants | 145 | Law of the case: F&R found allegations not plausible |
| 7:  §1981 equal rights race vs. Woods, Hill | 149 | No private right of action |
| 8:  IIER vs. Hill | 150 | No acts pled; Hill is not a third party to the economic relationship |
| 9:  Race discrimination under Oregon law vs Woods, Hill | 151 | Not employer; allegations insufficient |
| 10:  Title VII race vs. Woods, Hill | 152 | No Title VII claims vs. individual defendants; time-barred |
| 11:  ORS 659A.136; medical exams vs. Woods | 154 | Covid exemption process not a 'medical exam' |
| 13:  1st Am Free Exercise vs. Woods, Hill | 158 | Law of the case; F&R found vaccine mandate constitutional |

PAGE 8 -      DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

| Claim, Defendant | Complaint page # | Defendants' response |
|---|---|---|
| 14: 1st Amendment compelled association vs. Woods, Hill | 168 | Law of the case; F&R found allegations insufficient |
| 15: 659A.030 vs. Woods, Hill | 178 | Allegations insufficient |
| 16: §1985 conspiracy vs. Woods, Hill | 179 | Law of the case; F&R found allegations insufficient |
| 17: §1986 vs. Woods | 181 | Law of the case; F&R found allegations insufficient |
| 18: Title VII vs. Woods | 182 | No Title VII claims vs. individual defendants; time-barred |
| 19: ADA vs. Woods | 185 | No ADA claims vs. individual defendants; time-barred |
| 20: Title VII vs. Woods, Hill | 187 | No Title VII claims vs. individual defendants; time-barred |
| 22: 1st Amendment retaliation vs. Woods | 190 | Speech not on public concern; district would have taken same action |
| 23: Breach of contract vs. Woods | 191 | Not a party to contract; ORS 342.835 |
| 24: Tortious interference vs. Woods, Hill | 193 | Not third parties to contract; duplicative claim |
| 25-28: Breach of fiduciary duty vs. Woods, school board | 195 | Insufficient allegations; individuals have no fiduciary duty |
| 29-34: Breach of fiduciary duty vs. Hill | 196 | Insufficient allegations; individuals have no fiduciary duty |
| 35: §1983 procedural due process (presumably) vs. board members | 198 | Process was sufficient; no property interest |
| 36: §1983 liberty interest (presumably) vs. board members | 200 | Insufficient allegations; board minutes legally required |
| 37: Wrongful Termination vs. Woods | 202 | Plaintiff has adequate statutory remedies |

PAGE 9 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

| Claim, Defendant | Complaint page # | Defendants' response |
|---|---|---|
| 39: RICO vs. Woods, Hill | 203 | Insufficient allegations |
| 41: §1983 substantive due process vs. Woods, Hill | 218 | Law of the case; F&R found vaccine mandate constitutional |

5.      **Plaintiff's claims for conspiracy and RICO violations have already been found by this court to be subject to dismissal.**

Plaintiff's fifth claim against defendants is for conspiracy, under 42 USC §1983, and her

39th claim is for violation of RICO.  Each of these claim also appeared in plaintiff's prior

complaint, and this court found that they were subject to dismissal, because they did not

plausibly allege a claim, e.g.:  "it is simply not plausible, and Plaintiff has provided no factual

details to suggest, that…[defendants] came to an agreement regarding a common objective to

deprive plaintiff of her rights."  F&R, ECF 139, at 15-16.  "Without more, the alleged facts do

not plausibly constitute an agreement to commit any of the indictable crimes enumerated in the

RICO statute[.]" *Id.*, at 16-17.

Although the law of the case doctrine is technically not applicable to claims dismissed

without prejudice, "[i]f the district court determines the amended complaint is substantially the

same as the initial complaint, the district court is free to follow the same reasoning and hold that

the amended claims suffer from the same legal insufficiencies." *Askins v. United States Dep't of*

PAGE 10 -      DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

*Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018).[1]  That is the case here.  The allegations in plaintiff's SAC do not result in a plausible claims for conspiracy or RICO violations, and these claims should be dismissed.

**6.      Plaintiff's claim under 42 USC §1981 is subject to dismissal.**

Plaintiff's seventh claim for relief is for violation of 42 USC §1981, and alleges racial discrimination against Mr. Woods and Ms. Hill.  However, the 9th Circuit recently reaffirmed that there is no private right of action under §1981, and the exclusive remedy for violations of the right is establishes is §1983:

> Section 1981 establishes substantive rights that a state actor may violate. It does not itself contain a remedy against a state actor for such violations. A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983.

*Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. July 25, 2023).  This claim is pled directly under §1981 and is thus subject to dismissal.

**7.      The SAC does not state a claim for intentional interference with economic relations.**

Plaintiff's eighth and twenty-fourth claims allege intentional interference with economic relations, against Woods and Hill.  These claims allege that by "refus[ing] to correct [plaintiff's]

---

[1] Where this motion refers to the "law of the case", it is shorthand for this concept:  that plaintiff's amended complaint has failed to cure the deficiencies identified in the original complaint.

PAGE 11 -      DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

employment contract" to reflect the wage plaintiff claims she was owed, and by "demanding that Plaintiff, as a condition of employment, had to provide the School with 'proof of vaccination'", defendants tortiously interfered with plaintiff's employment contract with her employer.

Intentional interference with economic relations requires a plaintiff to show: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *McGanty v. Staudenraus*, 321 Or 532, 535 (1995). Here, plaintiff lacks at least two of these elements.

First, she has not pled acts constituting "interference" with her employment contract. Ms. Hill's alleged refusal to "correct" plaintiff's contract is not interference — it is the exact opposite, as it affirms the terms of that contract. Refusing to modify a contract cannot constitute interfering with that same contract. Likewise, asking plaintiff for proof of vaccination or an exemption, in accordance with state law, is not interfering with plaintiff's employment contract. Relatedly, plaintiff has not alleged facts showing that either of these acts or non-acts were accomplished either through improper means or for an improper purpose.

Second, she has not pled facts indicating that either Mr. Woods or Ms. Hill were third parties to her contract. This is because in performing the acts alleged, each was acting in the course and scope of their employment, meaning each was acting under the aegis of the school district, and as a party to the contract itself:

PAGE 12 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

1

2          A corporate agent…cannot be liable for intentional interference
           with that contract if the agent acted in the scope of the agent's
3          employment. In that situation, the agent is the corporation. While a
           party to a contract may breach it, it is logically impossible for a
4          party to interfere tortiously with its own contract. However, if the
           agent's sole purpose is one that is not for the benefit of the
5          corporation, the agent is not acting within the scope of
           employment and may be liable.
6

7    *Boers v. Payline Sys.*, 141 Or App 238, 242 (1996).  Here, there can be no real dispute that both

8    defendants were acting within the time and space limits authorized by the employment; that they

9
     were motivated by a purpose to serve the employer; and that the acts were of a kind that both
10
     were hired to perform.  *See, e.g, Chesterman v. Barmon*, 305 Or 439, 442 (1988).  This means
11

12   that both were acting within the course and scope of their relationship, and that they were not

13   third parties to the contract at issue.  For these reasons, plaintiff has not stated a claim for IIER.

14

15

16   **8.    Plaintiff has failed to state a claim under ORS 659A.030.**

17        Plaintiff's ninth claim for relief is alleged under ORS 659A.030(b), which prohibits

18   discrimination of various kinds by an "employer."  This claim is pled against Mr. Woods and Ms.
19
     Hill, who manifestly were not plaintiff's employers.  Plaintiff herself pleads that "The School",
20
     defined at ¶7 of her complaint as the Douglas County School District 15, was her employer.
21

22   SAC, ¶898.  The school district, of course, is not a defendant in this matter — plaintiff has

23   chosen to sue only individual defendants.  Because plaintiff has not joined the school district, her
24
     employer, as a defendant in this matter, plaintiff's claim under ORS 659A.030(b) is subject to
25

26   dismissal.

     PAGE 13 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
                  and 12(e)

Alternatively, plaintiff's claim is defective under ORS 30.265(3), which requires dismissal of individual defendants who were acting in the course and scope of their employment. As argued elsewhere herein, there are no allegations that would remove either Mr. Woods or Ms. Hill from the scope of their employment, and they therefore must be dismissed under ORS 30.265(3).

**9.    Plaintiff's statutory claims under Title VII and the ADA claims are time-barred.**

Plaintiff purports to allege claims against defendants under Title VII (plaintiff's 10th, 18th, and 20th claims), as well as a claim under the ADA (plaintiff's 19th claim).  However, these statutory claims are not timely, and must be dismissed.  Attached to the Declaration of Brett Mersereau are two EEOC-related documents:  the initial Charge of Discrimination, and the agency's Determination Letter.  Mersereau declaration, exhibits 1-2.  The latter gives plaintiff 90 days to file her case, beginning on June 2, 2022, making the deadline for this case to be filed August 31, 2022.  *Id.*  The court's file will reflect that this case was first filed March 22, 2023. ECF 1.

Once a plaintiff receives a right-to-sue letter from the EEOC, he or she has 90 days to file suit on the claims set forth in the charge.  42 U.S.C. § 2000e-5(f)(1).  Claims not filed within that period are not timely and must be dismissed.  *See, e.g., Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1107 (9th Cir. April 27, 2018).  This deadline applies to both Title VII and ADA claims.  *Id.,* at 1108.  Because plaintiff's complaint was filed after that deadline expired, her

PAGE 14 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

claims under Title VII and the ADA are untimely.

**10.     Plaintiff's statutory claims under Title VII and the ADA cannot be pled against individual defendants.**

Neither Title VII nor ADA claims may be brought against individual defendants.  *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. December 18, 2006).  As mentioned above, plaintiff purports to plead four separate claims (her 10th, 18th, 19th, and 20th) under Title VII and the ADA, each against either Mr. Woods or Ms. Hill, or both.  Because her employer, the school district, is not a defendant, these claims are subject to dismissal.

**11.     Plaintiff fails to state a claim under ORS 659A.136.**

Plaintiff's eleventh claim is under ORS 659A.136, which "provides that an employer 'may not require that an employee submit to a medical examination * * * unless the examination * * * is shown to be job-related and consistent with business necessity."  *Heiple v. Henderson*, 229 Or App 693, 699 (2009).  Plaintiff alleges that the "medical inquiry which included demand for date, type and location of 'vaccine' received, is sensitive, private information and is not in scope of Plaintiff's existing or any future proposed tutoring or teaching employment contract."  Complaint, ¶931.

This claim fails for at least two reasons.  One, it is not accurate to describe the process required by OAR 333-019-1030, in which school employers are mandated to ask employees for proof of vaccination against COVID, as a "medical examination."  Although Oregon's disability

PAGE 15 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

statutes do not define that term, its common-sense meaning is simply very different than the

process required by the rule.  Two, the statute permits medical examinations that are "job-related

and consistent with business necessity."  ORS 659A.136.  The state's vaccine mandate <u>required</u>

schools to go through the process of requesting vaccination information from employees, on pain

of a $500 per day fine.  OAR 333-019-1030(15).  Given that legal requirement, it is clear that to

the extent that plaintiff believes she was required to undergo a medical examination, it was job-

related and consistent with business necessity.  Plaintiff fails to state a claim under ORS

659A.136.


**12.     Plaintiff fails to state a claim under the First Amendment, or under §1985 and §1986.**

Plaintiff's 13th and 14th claims are under the 1st Amendment, for violation of her

religious and free association rights.  Her 16th and 17th claims are under 42 USC §1985 and

§1986.  This court's F&R found each of these four claims defective, and dismissed each of them.

It does not appear that plaintiff has meaningfully changed these allegations, although she has

certainly added to their length.  These four claims are subject to dismissal, for the same reasons

this court previously identified.


**13.     Plaintiff's claim for 1st Amendment retaliation is deficient and must be dismissed.**

Plaintiff's 22nd claim for relief is for 1st Amendment retaliation under 42 USC §1983.

To prevail on this claim, plaintiff must surmount 5 separate tests:


PAGE 16 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
              and 12(e)

1

2
3
4
5
6

> (1) whether the plaintiff spoke on a matter of public concern; (2)
> whether the plaintiff spoke as a private citizen or public employee;
> (3) whether the plaintiff's protected speech was a substantial or
> motivating factor in the adverse employment action; (4) whether
> the state had an adequate justification for treating the employee
> differently from other members of the general public; and (5)
> whether the state would have taken the adverse employment action
> even absent the protected speech.

7
8
9

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. January 14, 2009).  Plaintiff's claim fails at least

two of these tests.  First, plaintiff's speech was not on a matter of public concern, but on a private

10

matter — her own employment.  "[I]ndividual personnel disputes and grievances…that would be

11

of 'no relevance to the public's evaluation of the performance of governmental agencies' is

12
13

generally not of 'public concern.'"  *Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th

Cir. July 13, 2009).  Plaintiff's allegations make it clear that her speech related to her

14
15

idiosyncratic concerns about the vaccine mandate, and to how it might impact her employment.

16

She alleges that she mailed Mr. Woods and Ms. Hill a "Notice of Liability for Sanctioning

17

Biomedical, Biotechnology & Biosynthetic Instruments", which made the point that "requiring

18
19

an employee to be a human subject in a medical experiment without informed consent violates

20

the Belmont Report; and the demand for papers unrelated to job function is a violation of

21

Amendment IV and Amendment XIV § 1 of the United States Constitution."  SAC, ¶247-248.

22
23

These are the same points that plaintiff makes in her SAC, and cannot be said to be matters of

truly public concern, as they relate to her own unusual beliefs and to her own employment.

24
25

Second, plaintiff fails the fifth *Eng* test, as it cannot be reasonably disputed that the

26

school district would have taken the same action with respect to Ms. Bong's employment,

PAGE 17 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
             and 12(e)

regardless of her speech.  This is shown first by plaintiff's allegations, in which she admits that she refused to comply with OAR 333-019-1030, in that she refused either to provide proof of vaccination, or to sign the form requesting a religious exception:  at ¶320 and ¶326, she alleges that her religious beliefs prevented her from signing the exception form.  Moreover, exhibit J to the SAC is a transcript of an unemployment hearing during which both plaintiff and Ms. Hill testified regarding the reason for plaintiff's termination.  First, Ms. Hill's testimony makes it clear that plaintiff's refusal to comply with the vaccine mandate was the reason for her termination:

> MR. LAWRENCE: Ms. Hill, the decision that was made to terminate the Claimant was solely based on what the Governor Brown mandate required. Nothing that the Employer necessarily wanted to do. Is that correct?

> MS. HILL:  That's absolutely correct.

Exhibit J to plaintiff's complaint, p. 6.  Ms. Hill testifies earlier, on p. 5, that the district had received advice from OSBA that compelled this result. Ms. Bong confirms these facts in her own testimony:

> Q:  So on October 14th then were you told that if you didn't sign their form that they- you were no longer going to be employed?

> A: That's what they told me. Yes….I have sincerely held religious beliefs against signing that form.

*Id.*, at p. 7.  Thus, plaintiff's own allegations, and the evidence submitted as an exhibit to her complaint, confirm that plaintiff would have been terminated for noncompliance with the vaccine

PAGE 18 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

1

2  mandate, regardless of her speech.  For these reasons, plaintiff's §1983 claim for 1st Amendment

3  retaliation does not state a claim.

4

5  **14.  Plaintiff has failed to state a claim for breach of contract.**

6

7  Plaintiff's 23rd claim for relief is for breach of contract, and alleges that Mr. Woods

8  breached her employment contract.  Helpfully, plaintiff has attached the contract to her complaint

9  as Exhibit A, which contains this language:  "It is hereby agreed between the Board of Directors

10  of the Days Creek School District, Douglas County, State of Oregon and the undersigned

11  educator that.."  SAC, exhibit A.  The contract is signed by Ms. Bong and by the school board

12  chairperson.  *Id.*  There is no indication that Mr. Woods, against whom this claim is pled, is a

13  party to the contract.  For that reason, he cannot have breached the contract, as it is axiomatic

14  that only parties to a contract have duties thereunder that can be breached.  Plaintiff does not

15  state a claim for relief for breach of contract against Mr. Woods.

16

17

18  **15.  Plaintiff has not stated a claim for breach of fiduciary duty.**

19

20  Plaintiff's 25th through 34th claims are for breach of fiduciary duty, against Woods and

21  the six school board members.  These claims fail for the simple reason that none of the

22  defendants owed plaintiff a fiduciary duty.  In the employment context, a fiduciary duty only can

23  exist where "a special relationship or a fiduciary-type relationship existed between the parties

24  that was independent of the duties under [a contract]."  *Bennett v. Farmers Ins. Co.*, 150 Or App

25

26

PAGE 19 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
             and 12(e)

1

2    63, 79 (1997).  That relationship can only exist where "the party who owes a duty of care is

3    acting, 'at least in part, * * * to further the economic interests of the 'client,' the person owed the

4    duty of care.'"  *Onita Pac. Corp v. Trs. of Bronson*, 315 Or 149, 161 (1992).  Such a duty of care

5    is owed only where "one party has authorized the other to exercise independent judgment in his

6    or her behalf."  *Conway v. Pacific Univ.*, 324 Or 231, 241 (1996).

7

8            Where there is only a contractual relationship, as here, there is no such duty, and no

9    fiduciary duty owed.  Neither Mr. Woods, Ms. Hill, or any of the six board members had any

10    special responsibility toward the plaintiff, and certainly were not authorized to exercise

11    independent judgment on plaintiff's behalf.  Their responsibility was to exercise judgment on

12    behalf of the school district — not on plaintiff's behalf.  Their relationship with the plaintiff was

13    an arms-length one, and set forth specifically in the contract that the parties signed.  For these

14    reasons, plaintiff's claims for breach of fiduciary duty do not state a claim for relief.

15

16

17    **16.    Plaintiff has not stated a claim for violation of her procedural due process rights.**

18            Plaintiff's 35th claim for relief is for violation of her procedural due process rights.  This

19    claim requires that plaintiff possess a property interest in his or her employment:

20

21            A procedural due process claim under 42 USC §1983 requires that the plaintiff possess a

22    property interest in his or her employment:

23

24            The Fourteenth Amendment protects against the deprivation of
         property or liberty without procedural due process. *Carey v.
         Piphus*, 435 U.S. 247, 259, 55 L. Ed. 2d 252, 98 S. Ct. 1042

25         (1978). [Plaintiff] only has a constitutionally protected property
         interest in continued employment, however, if he has a reasonable

26

PAGE 20 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
             and 12(e)

1

2       expectation or a "legitimate claim of entitlement" to it, rather than
a mere "unilateral expectation." *Board of Regents v. Roth*, 408 U.S.

3       564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). A legitimate
claim of entitlement arises if it is created by "existing rules or

4       understandings that stem from an independent source such as state
law." *Id*. Thus "state law defines what is and what is not property"

5       that is subject to the due process clause of the Fourteenth

6       Amendment. *Dorr v. County of Butte*, 795 F.2d 875, 876 (9th Cir.
1986) (citing *Roth*, 408 U.S. at 577)…

7

8       A state law which limits the grounds upon which an employee may
be discharged, such as conditioning dismissal on a finding of

9       cause, creates a reasonable expectation of continued employment,
and thus a protected property right. *Dorr*, 795 F.2d at 878. Where

10      state employees serve at the will of the appointing authority,
however, there is no such reasonable expectation of continued

11      employment, and thus no property right. *Id*.

12

13   *Brady v. Gebbie*, 859 F.2d 1543, 1547-48 (9th Cir. 1988).  *See also Roth, supra,* and *Perry v.*

14   *Sindermann*, 408 U.S. 593 (1972).

15

16       Here, the "independent source" of plaintiff's employment rights is ORS 342.835, which

17   governs probationary teachers such as the plaintiff.  Although plaintiff alleges that the school

18   district could only dismiss her "for cause", that is not at all correct, as the statute provides that

19   "[t]he district board of any fair dismissal district may discharge or remove any probationary

20   teacher in the employ of the district at any time during a probationary period for any cause

21   considered in good faith sufficient by the board."  ORS 342.835.  That makes plaintiff essentially

22   an at-will employee, and means that she does not have a property interest in continued

23   employment.

24

25       Even if plaintiff did have a property interest in her employment, she received sufficient

26

PAGE 21 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
            and 12(e)

process. "Process" simply means "notice and opportunity for hearing appropriate to the nature

of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). "[D]ue process is

flexible and calls for such procedural protections as the particular situation demands." *Mathews*

*v. Eldridge*, 424 U.S. 319, 334 (1976). This analysis "essentially boils down to an ad hoc

balancing inquiry." *Brewster v. Board of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983

(9th Cir. 1998).

Plaintiff's own allegations and exhibits establish that she received due process. First,

exhibit D to her complaint shows that plaintiff was provided notice by the school district that her

employment was at risk due to her refusal to comply with OAR 333-019-1030. That exhibit is a

series of emails between Ms. Bong and the school district prior to their meetings in October of

2021, and it reveals that Ms. Bong was well aware of the nature of the issue. Second, plaintiff's

exhibit E reflects that a hearing did occur on October 14, 2021, and that plaintiff again refused to

comply with the vaccine mandate. These two exhibits, and plaintiff's allegations, confirm that

she received the process that she was due.

Finally, plaintiff names as defendants on this claim the six board members. However, she

fails to allege any acts on the part of the board members. "Liability under §1983 must be based

on the personal involvement of the defendant[.]" *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

Cir. 1998). Plaintiff's allegations do not satisfy this standard, as they do not allege any

participation in this process by board members.

For these reasons, plaintiff's allegations in support of this claim do not state a claim for

PAGE 22 -    DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

relief.

**17.     Plaintiff has not stated a claim for violation of her liberty interest rights.**

Plaintiff's 36th claim for relief, although improperly labeled, appears to be a claim for violation of her liberty interest rights.  "[A] liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality[.]"  *Matthews v. Harney County*, 819 F.2d 889, 891 (9th Cir. 1987).  "To implicate constitutional liberty interests, however, the reasons for dismissal must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take advantage of other employment opportunities."  *Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1101 (9th Cir. 1981).

"[I]njury to reputation standing alone does not violate the Due Process Clause of the Fourteenth Amendment; one's 'interest in reputation' standing alone 'is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.'"  *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002), *quoting Paul v. Davis*, 424 U.S. 693, 712 (1976).  If the "accuracy of the charge" is not contested, there is no violation.  *Llamas v. Butte Community College Dist.*, 238 F.3d 1123, 1129 (9th Cir. 2001).

Here, plaintiff's claim fails for two reasons.  One, she does not contest the "accuracy" of the information allegedly disseminated about the reason for her termination — "for allegedly failing to comply with the edicts of Vax Rule."  SAC, ¶1238.  This entire case exists because plaintiff alleges that she was terminated for failing to comply with OAR 333-019-1030.  That information, moreover, was required to be public, under Oregon law.  *See* ORS 332.057, which

PAGE 23 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

provides that "[a]ny duty imposed upon the district school board as a body must be performed at a regular or special meeting and must be made a matter of record."  Likewise, Oregon's public meetings law, ORS 192.650, requires that minutes be taken of board meetings, that capture the substance of discussions and are publicly available.

Two, the information alleged to have been disclosed about plaintiff — that she was being terminated for failure to comply with the vaccination mandate — has nothing to do with "honesty or morality", *Matthews, supra*.  It is simply not enough to satisfy the 'stigma plus' standard.  For these reasons, plaintiff's liberty interest claim fails.

**18.     Plaintiff has not stated a claim for wrongful termination.**

Plaintiff's 37th claim is for wrongful termination, against Mr. Woods.

It is a "well-settled principle [in Oregon] that wrongful termination serves as 'an interstitial tort, designed to fill a remedial gap where a discharge in violation of public policy would be left unvindicated.'" *Olsen v. Deschutes Cty.*, 204 Or App 7, 14 (2006) (citation omitted).  Such a claim is "available only in the absence of a remedy 'adequate to protect both the interests of society . . . and the interests of employees . . . .'" *Id.*  Here, the breadth of plaintiff's pleadings demonstrates that she has adequate statutory remedies, and that a claim for wrongful termination is not available.

Moreover, because it must be asserted against the plaintiff's employer, this tort is not available against individual defendants.  "The employment relationship is a necessary element of the tort and establishes the duty of the employer on behalf of the employee not to violate an

PAGE 24 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6) and 12(e)

established public policy. That relationship does not exist among fellow employees." *Schram v. Albertson's, Inc.*, 146 Or App 415, 426 (1997).

**19.     Plaintiff fails to state a claim for violation of her substantive due process rights.**

Plaintiff's 41st claim is for violation of her substantive due process right "to refuse medical treatment."  SAC, p. 218.  The claim is aimed squarely at the constitutionality of OAR 333-019-1030 itself, and appears to be a facial challenge to that rule.  However, that rule has repeatedly been held constitutional by this and many other courts, in the face of substantive due process challenges.  *See, e.g., Johnson v. Brown*, 567 F.Supp.2d 1230 (D.Or. October 18, 2021). Plaintiff's argument is no different, and should be rejected once again.

**CONCLUSION**

For the reasons argued above, plaintiff's complaint should be dismissed.  If the court is inclined to allow plaintiff to replead, a page limit for a new complaint should be imposed.

_____/s/Brett Mersereau_____
**BRETT MERSEREAU,** OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
     Of Attorneys for Days Creek Defendants

PAGE 25 -     DAYS CREEK DEFENDANTS' MOTION TO DISMISS PER FRCP 8, 12(b)(6)
          and 12(e)