UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JILL BONG, | Case No. 6:23-cv-00417-MTK |
| Plaintiff, | **ORDER** |
| v. | |
| KATE BROWN; RACHAEL BANKS; STEVE WOODS; REX FULLER; CLINT THOMPSON; JOHN BOLING; CHARLIE SAWYER; REBEKAH SAWYER; VALERIE ANDERSON; HOLLY HILL; BOB SCONCE; UNKNOWN LEGAL COUNSEL; OREGON EMPLOYMENT DEPARTMENT; and OREGON SCHOOL BOARDS ASSOCIATION, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jill Bong filed this action against multiple Oregon state officials and school district employees in their individual and official capacities alleging various state and federal law claims, including alleged constitutional and civil rights violations. The majority of Plaintiff's claims arise from actions taken by Defendants in response to the COVID-19 pandemic. Plaintiff was employed as a math tutor for Defendant Douglas County School District 15 ("Defendant") beginning in January 2016. 2d. Am. Compl. ¶¶ 46-48, ECF No. 199. Her employment was terminated on October 19, 2021, for failure to comply with her employer's

Page 1 —ORDER

COVID-19 vaccination mandate, from which she had requested an exemption based on minority religious beliefs. *Id.* at ¶¶ 352, 354. Before her termination, Plaintiff had expressed opinions opposing the vaccination mandate, and alleges retaliation for sharing those views.

Before the Court is Plaintiff's Motion for Preliminary Injunction against Defendant Douglas County School District 15 (ECF No. 235). Plaintiff seeks an order enjoining Defendant from continuing hostility and discrimination against minority or non-Christian religious beliefs, from taking retaliatory action against Plaintiff for protected speech, to put Plaintiff on equal footing with other employees with respect to employment offers and conditions, and to reinstate Plaintiff to her former position and pay rate. Pl. Mot. 14-15. For the following reasons, Plaintiff's motion is denied.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. The moving party "has the general burden of establishing the elements necessary to obtain injunctive relief." *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Moreover, when a plaintiff seeks "mandatory" relief rather than "prohibitory" relief—as Plaintiff does here by requesting reinstatement—that relief "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (citation omitted).

Applying the *Winter* factors, the Court's analysis here begins and ends with Plaintiff's failure to demonstrate that she will face irreparable harm in the absence of the relief requested. It is true that "[t]he loss of First Amendment freedoms, for even minimal periods of time,

unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). However, a litigant seeking injunctive relief for such harm must still show that "First Amendment interests were either threatened or in fact being impaired at the time relief was sought." *Id*. Injunctive relief is not warranted "absent a sufficient likelihood that [Plaintiff] will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Here, Plaintiff admits that she has "already suffered" the First Amendment harms of which she complains, Mot. at 14, and she provides no showing that additional injury is being incurred or is threatened. Indeed, Plaintiff has not been employed by Defendant since 2021.

In sum, Plaintiff has not shown that she will suffer irreparable harm in the absence of injunctive relief. Because this element is dispositive of Plaintiff's motion, the Court does not address the remaining *Winter* factors. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

## CONCLUSION

For the reasons above, Plaintiff's Motion for Preliminary Injunction (ECF No. 235) is DENIED.

DATED this 13th day of December 2024.

                                                              s/ Mustafa T. Kasubhai
                                                              MUSTAFA T. KASUBHAI (He / Him)
                                                              United States District Judge