UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JILL BONG, | Case No. 6:23-cv-00417-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KATE BROWN; RACHEL BANKS; STEVE WOODS; REX FULLER; CLINT THOMPSON; JOHN BOLING; CHARLIE SAWYER; REBEKAH SAWYER; VALERIE ANDERSON; HOLLY HILL; BOB SCONCE; UNKNOWN LEGAL COUNSEL; OREGON EMPLOYMENT DEPARTMENT; and OREGON SCHOOL BOARDS ASSOCIATION, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Before the Court are Plaintiff's Motion to Join ("Pl.'s Mot. for Joinder," ECF No. 210) and Motion to Strike ("Pl.'s Mot. to Strike," ECF No. 221). For the reasons discussed below, the Court denies Plaintiff's motions.

**FACTUAL BACKGROUND**

The Douglas County School District employed Plaintiff as a math tutor beginning in January 2016. ("SAC," ECF No. 199 at ¶ 48). Plaintiff is on the autism spectrum and is a Chinese female who holds minority religious beliefs. *Id.* at ¶¶ 79, 116, 234. Plaintiff brings this

Page 1 — OPINION AND ORDER

action against multiple Oregon state officials and school district employees in their individual and official capacities alleging constitutional and civil rights claims under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organization Act ("RICO"), and Oregon statutory claims. *See generally* SAC.

The majority of Plaintiff's claims arise from actions taken by Oregon state officials in response to the COVID-19 pandemic, specifically those related to safety measures employed in public schools. *See generally* SAC. During the 2021-2022 academic school year, then-Governor Kate Brown, the Oregon Health Authority, and the Oregon Department of Education imposed a mask mandate for K-12 schools. *Id.* at ¶ 125. Plaintiff expressed to the school superintendent her opposition to the mask mandate. *Id.* at ¶ 136. Plaintiff alleges that both receiving the COVID-19 vaccine and completing the religious exception paperwork offended her minority religious views, making her unable to comply with components of the mandate because she could neither take the vaccine nor sign the exemption paperwork. *See id*. at ¶¶ 269, 278, 320. Plaintiff alleges that her noncompliance with the vaccine mandate led to a "sham" pre-termination hearing and ultimately to her unlawful termination. *Id*. at ¶¶ 354, 357, 1219.

On August 4, 2024, Plaintiff filed a Motion to Join the Oregon Department of Justice ("Oregon DOJ") and the Attorney General ("AG") as defendants to this case. *See generally* Pl.'s Mot. for Joinder. On August 5, 2024, Defendant Bob Sconce ("Defendant") filed Answers and Affirmative Defenses to Plaintiff's SAC. *See generally* ("Ans.," ECF No. 212). On August 9, 2024, Plaintiff filed a Motion to Strike all of Defendant's affirmative defenses. *See generally* Pl.'s Mot. to Strike.

## STANDARDS OF REVIEW

I.    **Fed. R. Civ. P. 12(f)**

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). However, motions to strike are generally disfavored and infrequently granted. *See Bogazici Hava Tasimaciligi A.S. v. McDonnell Douglas Corp.*, 932 F.2d 972 (9th Cir. 1991).

Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone*, 618 F.3d at 973. "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Levi v. Chapman*, No. 6:22-CV-01813-MK, 2023 WL 3412894, at *1 (D. Or. May 12, 2023) (citations omitted).

The Ninth Circuit has indicated that "'the fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.1998)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

## II.     Fed. R. Civ. P. 20(a)(2)

Fed. R. Civ. P. 20(a)(2) allows a plaintiff to join multiple defendants in one action if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (citing *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977)).

Even if these conditions are met, joinder is not mandatory, and the Court may order separate trials to protect any party against embarrassment, delay, expense, or other prejudice. Fed. R. Civ. P. 20(b).

## DISCUSSION

Plaintiff moves to strike all of Defendant's affirmative defenses and join the Oregon DOJ and AG as parties to this case. *See generally* Pl.'s Mot. to Strike; Pl.'s Mot. for Joinder.

## III.     Plaintiff's Motion to Strike

Plaintiff challenges all of Defendant's affirmative defenses because they are "insufficient as they make no mention of which claims exactly they are referring to, nor do they refer to the applicable statute(s) in their answer; nor have they attached any supplemental briefing on their points." *Id.* at 2-5. In Plaintiff's view, Defendant's Answer fails to provide Plaintiff with fair notice. *Id*. at 2.

### A.     Defendant's First & Eighth Affirmative Defenses

Defendant's First Affirmative Defense is that Plaintiff fails to state a claim for which relief may be granted. Ans. ¶ 30. The Eighth Affirmative Defense is a reservation of additional defenses, specifically reserving the right to amend, modify, or plead additional defenses based

upon information learned as the case proceeds. *Id*. at ¶ 37. Plaintiff argues Defendant's First Affirmative Defense is "boilerplate" and "insufficient" because it fails to provide "fair notice." Pl.'s Mot. to Strike ¶ 8 (citing *Wyshak*, 607 F.2d at 827). She further argues that the Eighth Affirmative Defense is not proper and is "impertinent." *Id*. at ¶ 22 (citing *Hadar v. Wilson*, 2011 WL 2600442, at *10 (D. Or. June 28, 2011). Defendant responds that striking these defenses would serve no real purpose, and that Plaintiff does not show how she is prejudiced by them. *See generally* ("Resp.," ECF No. 241).

Regarding the First Affirmative Defense, failure to state a claim is commonly pled as an affirmative defense in an answer because Fed. R. Civ. P. 12(h)(2) allows it to be raised "in any pleading," as well as "by a motion under Fed. R. Civ. P. 12(c)" or "at trial." In other words, Rule 12(h) expressly permits parties to raise a failure to state a claim defense in their answer. It can be alleged in a conclusory fashion and can be treated as a specific denial as to Plaintiff's federal claims. *Id*.

Regarding the Eighth Affirmative Defense, reservation to assert additional defenses is also a common affirmative defense and does not constitute one that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Striking such commonplace and largely boilerplate affirmative defenses is unnecessary as they cause no prejudice to Plaintiff. The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fed. R. Civ. P. 12(f).The Court concludes that Plaintiff will not be prejudiced by these affirmative defenses, nor has Plaintiff explained how the defenses could have no possible bearing on the subject matter of the litigation. Plaintiff's motion as to Defendant's First and Eighth Affirmative Defenses is denied.

B.    **Defendant's Second Through Seventh Affirmative Defenses**

Plaintiff challenges Defendant's Second through Seventh Affirmative Defenses: (2) failure to mitigate; (3) statute of limitations; (4) legitimate and nondiscriminatory reasons; (5) good faith and not willful; (6) compliance with applicable law; and (7) undue hardship. Plaintiff asserts that it is unclear which causes of action Defendant asserts each affirmative defense against, and that she has not been provided fair notice. Pl.'s Mot. to Strike at 3-4.

Certain affirmative defenses are well established and must be pled under Fed. R. Civ. P. 8(c)(1), such as failure to mitigate and statute of limitations.[1] The Court finds Defendant's affirmative defenses are adequately pled to provide fair notice. Plaintiff has not shown that any of the affirmative defenses have no possible bearing on the issues in the case. She also has not specifically identified any prejudice arising from Defendant including these defenses in his answer, such as requiring her to incur additional time or expend additional money to defend the case. These affirmative defenses are not "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). Plaintiff's motion as to as to Defendant's Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses is denied.

---

[1] Courts in the Ninth Circuit have held that certain well-established affirmative defenses, whose application is self-explanatory, may be asserted in a general manner. *See Storz Mgmt. Co. v. Carey*, No. 2:18-cv-00068-TLN-DB, 2022 WL 2181661, at *3 (E.D. Cal. June 16, 2022) (denying motion to strike unclean hands, estoppel, waiver, and/or laches, laches, and consent because these are "well established defenses whose application is typically self-explanatory . . . and some of which are explicitly listed in [Fed. R. Civ. P. 8(c)(1)]); *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc.*, No. CV 20-8708-DMG (PDx), 2021 WL 6103078, at *5 (C.D. Cal. Oct. 19, 2021) (denying the motions to strike for "failure to police, laches, waiver consent/ratification/acquiescence, unclean hands, failure to mitigate damages, good faith, and innocent intent" because no prejudice was shown by the plaintiff); *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (denying a motion to strike affirmative defenses of estoppel, waiver, laches, and unclean hands even though they contained no factual support and were alleged in general terms

### IV.     Plaintiff's Motion to Join the Oregon DOJ & AG

Plaintiff moves to join the Oregon DOJ and AG as defendants in this case. *See generally* Pl.'s Mot. for Joinder. She contends that her SAC does not cover the factual allegations against the Oregon DOJ, and that the Oregon DOJ must be joined as a party in this case in order for this Court to properly adjudicate her issues raised. *Id*. at 3. Plaintiff argues that joining the Oregon DOJ and AG to this case is necessary because the judge in Plaintiff's state court case[2] declined to rule on whether the acts of Kate Brown or Rachel Banks were of an official nature, and that the issue of whether the Oregon DOJ can represent them should be reserved for federal court. *Id*. Plaintiff contends that Kate Brown and Rachel Banks cannot be represented by the Oregon DOJ because they acted "out-of-scope" of their official duties which resulted in Plaintiff's injuries. ("Pl's Repl. to State," ECF No. 250 at 6). The premise of her argument is that Brown and Banks' "promulgat[ion] of OAR 333-019-1015 ("Mask Rule") and OAR 333-019-1030 ("Vax Rule")" was done "in the case of malfeasance in office or willful or wanton neglect of duty[,]" thus invalidating the Oregon DOJ's authority to represent Brown and Banks. Pl.'s Repl. to State at 10-11.

Fed. R. Civ. P. 20(a)(2) does not allow for joinder of the Oregon DOJ and AG. Permissive joinder of a defendant is allowed only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[2] Plaintiff brought this case based on the same set of facts and the state court did not delve into the "arguments presented as to whether the acts [by Brown and Banks] alleged were of a governmental/official nature; petitioner alleges that they were not, but this is a matter for the federal court to resolve in deciding its case. . . Insofar as it has any discretion to stop an attorney from acting as a lawyer in another court, this Court would exercise restraint and decline to do so, leaving such decisions to the court in which that attorney is appearing." *Jill Bong v. Or. Dept. of Justice, et. al*, Douglas County Circuit Court Case No. 23CV45434, Dkt. Entry July 31, 2024.

Page 7 — OPINION AND ORDER

occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff has not shown that any questions of law or fact "common to all defendants" would arise in this action as a result of joining the Oregon DOJ and AG. *Id.* Whether the Oregon DOJ can represent former Oregon state officials is not common to all defendants in this case. In fact, this issue only pertains to Kate Brown and Rachel Banks, two of the many defendants in this case. Accordingly, joinder of the Oregon DOJ and AG is not appropriate. Plaintiff's Motion for Joinder is denied with prejudice because there is no conceivable way Plaintiff might allege facts implicating the Oregon DOJ and Attorney General in the claims raised in her SAC

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is DENIED (ECF No. 221). Further, the Court DENIES with PREJUDICE Plaintiff's Motion to Join the Oregon DOJ and AG as defendants to this case, filed on August 4, 2024 (ECF No. 210).

DATED this 18th day of March 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge