UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JILL BONG, | Case No. 6:23-cv-00417-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KATE BROWN; RACHEL BANKS; STEVE WOODS; REX FULLER; CLINT THOMPSON; JOHN BOLING; CHARLIE SAWYER; REBEKAH SAWYER; VALERIE ANDERSON; HOLLY HILL; BOB SCONCE; UNKNOWN LEGAL COUNSEL; OREGON EMPLOYMENT DEPARTMENT; and OREGON SCHOOL BOARDS ASSOCIATION, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented plaintiff Jill Bong ("Plaintiff") brings this action against Defendants Bob Sconce and the Oregon Education Association ("OEA Defendants"); Rachael Banks, Kate Brown, and the Oregon Employment Department ("State Defendants"); the Oregon School Boards Association ("Defendant OSBA"); and Clint Thompson, Holly Hill, John Boling, Rebekah Sawyer, Charlie Sawyer, Steve Woods, Valerie Anderson, and Rex Fuller ("Days Creek Defendants"), alleging constitutional and civil rights claims under 42 U.S.C. § 1983, the

Page 1 — OPINION AND ORDER

Racketeer Influenced and Corrupt Organization Act ("RICO"), and Oregon statutory claims. Corrected Second Am. Compl. ("SAC"), ECF No. 199.

Before the Court are Days Creek Defendants' Motion to Dismiss, ECF No. 216; Defendant OSBA's Motion to Dismiss, ECF No. 214; and the State Defendants' Motion to Dismiss, ECF No. 222. For the below reasons, Defendants' motions are granted.

## FACTUAL BACKGROUND

The Douglas County School District employed Plaintiff as a math tutor beginning in January 2016. SAC ¶ 48. Plaintiff is on the autism spectrum and is a Chinese female who holds minority religious beliefs. *Id.* ¶¶ 79, 116, 234.

The majority of Plaintiff's claims arise from actions taken by Oregon state officials in response to the COVID-19 pandemic, specifically those related to safety measures employed in public schools. *See generally* SAC. During the 2021-2022 academic school year, then-Governor Kate Brown, the Oregon Health Authority, and the Oregon Department of Education imposed a mask mandate for K-12 schools. *Id.* ¶ 125. Plaintiff expressed to the school superintendent her opposition to the mask mandate. *Id.* ¶ 136.

The Oregon Health Authority also issued a vaccine mandate for the 2021-2022 academic school year. *Id.* ¶¶ 227-40. The vaccine mandate required all K-12 school employees to provide documentation indicating that they (1) had been vaccinated against COVID-19, (2) fell into a religious exception to the vaccine requirement, or (3) fell into a medical exception to the vaccine requirement. *Id.* ¶ 281. Plaintiff alleges that both receiving the COVID-19 vaccine and completing the religious exception paperwork offended her minority religious views, making her unable to comply with components of the vaccine mandate because she could neither take the vaccine nor sign the exemption paperwork. *See id*. ¶¶ 269, 278, 320. Plaintiff alleges she

nevertheless "complied with the black letter" of the vaccine mandate. *Id.* ¶ 796. Plaintiff alleges that her actions led to a "sham" pre-termination hearing, and ultimately to her unlawful termination. *Id*. ¶¶ 334, 352, 1219.

## PROCEDURAL HISTORY

On October 30, 2023, the Court granted Defendants' motions to dismiss Plaintiff's First Amended Complaint ("FAC"). Findings and Recommendation ("F&R"), ECF No. 139 (adopted April 8, 2024, ECF No. 166). With respect to the claims dismissed without prejudice, the Court explained the FAC's deficiencies and granted Plaintiff leave to file a second amended complaint that "conforms with the F&R and this Order and [] clearly links factual allegations with the surviving individual claims and [] is free of needlessly repetitive material, legal conclusions, and irrelevant factual allegations." ECF No. 166. The Court also noted that Plaintiff's FAC violated Rule 8(a) because it was "200 pages long excluding attachments and contain[ed] over 1000 paragraphs, many of which appear to be irrelevant statements and legal conclusions." F&R 6. On July 14, 2024, Plaintiff filed her SAC. ECF No. 199

## DISCUSSION

The Days Creek Defendants, Defendant OSBA, and the State Defendants each move to dismiss the remaining claims against them. Each group of Defendants moves to dismiss under Rule 8 and Rule 12(b)(6). For the reasons below, the Court dismisses Plaintiff's Complaint for failure to comply with Rule 8, and declines to reach the parties' Rule 12(b)(6) arguments.

**I.    Fed. R. Civ. P. 8**

Under Fed. R. Civ. P. 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a self-represented plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient

to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

**II.     Analysis**

Defendants argue that Plaintiff has failed to comply with the Court's prior directive to comply with Rule 8. The Court agrees.

Plaintiff's SAC is 236 pages and contains 1,394 paragraphs. Contrary to this Court's prior direction, it is replete with irrelevant statements, legal conclusions, and legal argument. Indeed, it exceeds the length and scope of Plaintiff's FAC despite the Court's instruction that the FAC violated Rule 8(a). Large portions of Plaintiff's SAC consist of "narrative ramblings" and "political griping." *See McHenry*, 84 F.3d at 1176. Other portions of the SAC contain exhaustive citations to statutes and legal authorities, legal argument, and legal conclusions that are inappropriate in a complaint and "make it unreasonably difficult for defendants or the Court to sort out alleged facts from opinion or commentary." *Resh, Inc. v. Conrad*, No. 22-CV-01427-EJD, 2024 WL 924486, at *3 (N.D. Cal. Mar. 4, 2024) (citation omitted). Plaintiff again failed to link "each of her claims to specific factual allegations regarding the conduct of individual

defendants, without reference to legal conclusions or extraneous facts[,]" which the Court instructed her to do. F&R 7; *see also* ECF No. 166 at 3 (directing Plaintiff to file an amended complaint that "clearly links factual allegations with the surviving individual claims and that is free of needlessly repetitive material, legal conclusions, and irrelevant factual allegations").

Plaintiff justifies the length of the SAC by arguing that while Rule 8(a) requires a "short and plain statement of the claim," the use of the word "claim" indicates that the rule does not require the complaint as a whole to be short and plain. Pl.'s Resp. to Days Creek Defendants 2, ECF No. 244. Indeed, her SAC is structured based on that argument; it includes a seven-page section entitled "FRCP 8(a) Short and Plain Statement of Plaintiff's Claims," SAC ¶¶ 27-44, which appears to be an attempt to summarize her claims in broad and conclusory fashion. She then follows that section with hundreds of pages of additional factual allegations, legal argument, and legal conclusions.

Plaintiff's attempt to circumvent the "short and plain statement" requirement by including a short summary of her claims before going into extensive allegations has already been rejected by the Ninth Circuit in *McHenry*. There, after the district court dismissed the plaintiffs' complaint for failure to comply with Rule 8, plaintiffs filed an amended complaint that contained similar factual allegations but added a section summarizing plaintiffs' claims. *McHenry*, 84 F.3d at 1175. The district court explained that "[t]he new section spelling out what the claims are 'hardly improves matters, as each of the newly delineated claims incorporates 122 paragraphs of confused factual allegations and then merely makes perfunctory reference to a legal claim said to arise from these undifferentiated facts,'" and ultimately dismissed the plaintiffs' complaint with prejudice. *Id*. at 1175-77. The Ninth Circuit affirmed the district court's dismissal, explaining that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair

burdens on litigants and judges," and violate Rule 8(a) and (d)'s "short and plain statement" and "simple, concise, and direct" requirements. *Id.* at 1179-1180.

Like the plaintiffs in *McHenry*, Plaintiff's attempt to cure the deficiencies in her FAC by making the SAC longer and adding a section intended to summarize her claims does not comply with Rule 8. Indeed, Plaintiff's argument is undermined by her own pleading, in which the claims themselves do not depend on her "Short and Plain Statement," but instead on the hundreds of paragraphs of factual allegations that follow it. While Plaintiff's SAC now includes hyperlinks to the portions of her SAC that she incorporates by reference with respect to each of her claims, those hyperlinks do little to clarify what specific facts relate to each claim because they still incorporate hundreds of paragraphs by reference. The result is a confusing and difficult-to-follow complaint which fails to put Defendants on notice of the specific factual basis of each of Plaintiff's claims, does not allow the Court to meaningfully evaluate Defendants' Rule 12(b)(6) motions, and will make it exceedingly difficult to control discovery and the court's docket. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.") (citations and quotations omitted).

For the above reasons, and because Plaintiff has already once failed to obey this Court's order to comply with Rule 8, the Court exercises its discretion to impose a page limit on Plaintiff. *See Kelley v. Rambus, Inc.*, 384 F. App'x 570, 572 (9th Cir. 2010) ("The district court properly exercised its discretion by ordering that [the plaintiff] limit the original 227–page Consolidated Complaint to 50 pages so as to not impose a 'wholly unnecessary strain on [the] defendants and on the court system.'") Fifty pages is more than sufficient for Plaintiff to allege

her claims. *See, e.g., Bittaker v. Rushen*, 978 F.2d 714 (9th Cir. 1992) (upholding dismissal based on failure to comply with 40-page limit in a complaint against over 80 defendants).

Plaintiff must connect "simple concise, and direct" allegations to her specific claims. Plaintiff's third amended complaint should be free of legal argument, conclusions of law, and extraneous facts and exposition. If Plaintiff's third amended complaint exceeds fifty pages—or meets that limitation only by violating the Court's formatting requirements set forth in LR 10-1—Plaintiff is warned that her complaint may be dismissed with prejudice pursuant to Rule 41(b) for failure to comply with a Court order.

Based on this Court's dismissal of Plaintiff's SAC on Rule 8 grounds—and the difficulty in evaluating Rule 12(b)(6) arguments in light of Plaintiff's failure to comply with Rule 8—the Court declines to reach the parties' alternative Rule 12(b)(6) arguments. In addition, for the reasons set forth in this opinion as well as ECF Nos. 232 & 239, the Court finds it inefficient to allow discovery or motion practice—except emergency motions or motions directed at pleadings—until all parties have filed answers and this Court holds a Rule 16 conference. Thus, ECF Nos. 232 & 239 are extended until that time, subject only to the exceptions listed above.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 214, 216, and 222) are GRANTED, and Plaintiff has leave to amend her Complaint—subject to a 50-page limit—within 30 days of the date of this order. Further, ECF Nos. 232 & 239 are extended as follows: discovery and motion practice—except emergency motions or motions directed at

/ / /

/ / /

/ / /

pleadings—are STAYED until all parties have filed answers and this Court holds a Rule 16 conference.

DATED this 2nd day of May 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge