# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 27. Motion FOR JUDICIAL NOTICE**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form27instructions.pdf

**9th Cir. Case Number(s) 24-7834**

**Case Name: Bong v Brown et al.**

**Lower Court or Agency Case Number 6:23-cv-00417-MTK**

Jill Bong

1. **What** do you want the court to do?

Plaintiff-Appellant respectfully requests that this Court take judicial notice of the following filings, orders, and transcript admissions from the underlying federal district court case and related proceedings. These materials are relevant to the issues on appeal and underscore systemic inconsistencies and prejudicial procedural treatment by the district court.

2. **Why** should the court do this? Be specific. Include all relevant facts and law that would persuade the court to grant your request. *(Attach additional pages as necessary. Your motion may not be longer than 20 pages.)*

### I. DOCUMENTS REQUESTED FOR NOTICE

1. **District Court Order Denying Preliminary Injunction (ECF No. 284)**

   – Refers expressly to Douglas County School District 15 (DC15) as a

defendant:

- "Plaintiff's Motion for Preliminary Injunction against Defendant Douglas County School District 15…" (*Id.* at 2)
- "Plaintiff was employed as a math tutor for Defendant Douglas County School District 15…" (*Id.* at 1)

2. **District Court Rule 8 and 50-Page Limit Order (ECF No. 296)**

    – Names Bob Sconce and the Oregon Education Association as "OEA Defendants":

    - "This case comes before the Court on motions to dismiss filed by… Bob Sconce and the Oregon Education Association ('OEA Defendants')…" (Id. at 1)
    - See also ECF No. 139 at 2 (referencing OEA Defendants as parties)

3. **Findings & Recommendation (ECF No. 139) and Order Adopting (ECF No. 166)**

    – Treat OSBA (Oregon School Boards Association) as a full defendant using the same captioning structure as applied to DC15, OEA, and others:

    - "Judge Kasubhai recommends that Defendant OSBA's Motion to Dismiss, ECF No. 67, be granted" (ECF No. 166 at 1)
    - "Defendant OSBA's Motion to Dismiss, ECF No. 67, is

GRANTED." (*Id.* at 3)

– This same order also grants Eleventh Amendment immunity to the State of Oregon and Oregon Health Authority, thereby confirming that they were recognized as parties when the Court dismissed claims against them. (ECF No. 139 at 10-11)

4. **Hearing Transcript (ECF No. 158, Oct. 2023)**

    – Confirms that defense counsel appeared for the parties now denied party status:

    • "Karen O'Connor: I'm here representing Bob Sconce and the Oregon Education Association." (Id. at 3–4)

    • "Mr. Steringer: …I represent the Oregon School Boards Association." (Id. at 5)

5. **Plaintiff's Third Amended Complaint (ECF No. 297)**

    –As with the SAC, the TAC names OEA, DC15, and others in both individual and official capacities, consistent with *Kentucky v. Graham*, 473 U.S. 159 (1985), and *Brandon v. Holt*, 469 U.S. 464 (1985), which establish that official-capacity claims are functionally claims against the entity itself.

6. **District Court Order Denying Default (ECF No. 318, May 30, 2025)**

    – Contradicts prior orders by stating:

> • "The Court DENIES Plaintiff's Notices of Intent to Request Entry of Default… because [Douglas County School District 15, Douglas County Education Service District, Oregon Education Association, the State of Oregon, and Oregon Health Authority] are not named parties in this case."

## II. GROUNDS FOR NOTICE AND RELEVANCE TO APPEAL

Under Fed. R. Evid. 201(b), courts may judicially notice facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." All documents listed above are from the public record and are judicially noticeable. These materials are directly relevant because:

- They demonstrate that the State of Oregon, OHA, OEA, OSBA, and DC15 were each treated as full defendants by the district court when denying injunctive relief, ruling on motions to dismiss, blocking discovery (*see* Dkt. 132), and applying immunity doctrines. Yet once Plaintiff sought entry of default, the Court abruptly claimed these same parties were "not named" — without explanation, docket correction, or order of dismissal.

- The captioning format used for OSBA, which the Court accepted for purposes of dismissing claims, is identical to that used for DC15, OEA, and

others. To allow OSBA to defend and be dismissed as a defendant, while denying party status to other identically-captioned entities, is arbitrary, prejudicial, and legally inconsistent.

- The Court's grant of Eleventh Amendment immunity in ECF No. 166 to the State of Oregon and Oregon Health Authority underscores the contradiction. The Eleventh Amendment only applies to "States" or "arms of the State." See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). By granting 11A immunity, the Court necessarily acknowledged those entities as parties — a status it now denies to evade default.

- These contradictions violate binding precedent from *Kentucky v. Graham* and *Brandon v. Holt*, both of which hold that official-capacity claims are equivalent to suing the government entity directly. The Court's refusal to acknowledge party status for OEA and DC15 while applying *Graham*-based defenses to others amounts to a clear abuse of discretion and procedural mischaracterization of the case.

- Notably, the Court issued the May 30, 2025 Order **before the expiration of Plaintiff's stated deadline for Defendants to clarify their representation or respond**. Plaintiff had provided the Oregon Education Association (ECF No. 311), the State of Oregon and Oregon Health Authority (ECF No. 312) with a full seven-day window

following formal notice under Rule 55(a). The Court's ruling preempted that deadline and **prejudicially foreclosed default** without a motion by those parties or any indication they intended to appear. This sequence strongly suggests a non-neutral intervention — issued solely to shield favored defendants from procedural consequence.

- Finally, denying default against parties who have appeared, delayed, and failed to answer — while still allowing them to file Rule 12 motions, invoke immunities and block discovery (See ECF No. 132)— prejudices Plaintiff's procedural rights and blocks meaningful adjudication of claims on the merits.

## III. REQUEST

Appellant respectfully requests that this Court take judicial notice of the above documents in evaluating:

- The procedural contradictions in party status designations,
- The inconsistent application of Rule 55(a) and immunity defenses,
- And the cumulative abuse of discretion by the district court in denying Plaintiff a fair opportunity to proceed against named and served defendants.

The district court's procedural reversals were not harmless error — they impaired Appellant's ability to obtain both discovery and default against parties

that were previously allowed to defend, delay, and file Rule 12 motions.

Your mailing address: PO Box 321, Days Creek, OR 97429

Prisoner Inmate or A Number (if applicable)

**Signature** *s/ Jill Bong* **Date 5/30/25**

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 27** *New 12/01/2018*

CERTIFICATE OF SERVICE

*I hereby certify that on May 30, 2025, I electronically filed the foregoing Motion for Judicial Notice with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.*

*s/ Jill Bong*

*Jill Bong, Appellant*