UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JILL BONG,

        Plaintiff,

        v.

KATE BROWN; RACHEL BANKS; STEVE
WOODS; REX FULLER; CLINT
THOMPSON; JOHN BOLING; CHARLIE
SAWYER; REBEKAH SAWYER; VALERIE
ANDERSON; HOLLY HILL; BOB
SCONCE; UNKNOWN LEGAL COUNSEL;
OREGON EMPLOYMENT DEPARTMENT;
and OREGON SCHOOL BOARDS
ASSOCIATION,

        Defendants.

Case No. 6:23-cv-00417-MTK

**OPINION AND ORDER**

---

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jill Bong brings 23 claims arising out of her termination after she objected to signing a form to receive a religious exception from a COVID-19 vaccine mandate. Third Am. Compl. ("TAC"), ECF No. 297. Before the Court are Defendant Oregon School Board Association's Motion to Dismiss, ECF No. 304; the Days Creek Defendants' Motion to Dismiss, ECF No. 305; Defendant Bob Sconce's Motion to Dismiss, ECF No. 307; and the State Defendants' Motion to Dismiss, ECF No. 308. For the reasons below, Defendants' motions are granted in part and denied in part.

Page 1 — OPINION AND ORDER

**BACKGROUND**

Plaintiff Jill Bong is a Chinese woman who has "sincerely held spiritual beliefs influenced by Southeast Asian traditions, including Taoism, Chinese mysticism, and elements of multiple world religions. Plaintiff's beliefs are not affiliated with any organized religion, but include a conscientious objection to participating in or appearing to endorse what she views as spiritually harmful or deceptive acts." TAC ¶ 87. Plaintiff worked as a math tutor for Douglas County School District 15 ("DCSD 15") beginning in January of 2016. *Id.* ¶ 19.

On August 19, 2021, former Oregon Governor (and here, Defendant) Kate Brown announced that all school employees were required to receive a COVID-19 vaccine by October 18, 2021, or six weeks after FDA approval. *Id.* ¶ 36. The Oregon Education Association ("OEA"), a teachers' labor union, released a statement in support of vaccines as a "proven public health mitigation strateg[y]." *Id.* ¶ 39. Defendant Oregon School Board Association ("OSBA") issued a public letter "urg[ing] all school board members to get vaccinated," and Defendant Woods later endorsed that position, too. *Id.* ¶¶ 40-41.

On August 25, 2021, the Oregon Health Authority ("OHA") issued Or. Admin. R. 333-019-1030 (PH 39-2021, *repealed* June 30, 2023 by PH 31-2023) ("OAR 333-019-1030" or "Vaccine Rule"), requiring all school staff "to be vaccinated against COVID-19 or request a medical or religious exception." PH 39-2021, at 3. "Religious exception means that an individual has a sincerely held religious belief that prevents the individual from receiving a COVID-19 vaccination." *Id.* at 4. Particularly relevant here is the Rule's requirement that:

> A religious exception must be corroborated by a document, on a form prescribed by the Oregon Health Authority, signed by the individual stating that the individual is requesting an exception from the COVID-19 vaccination requirement on the basis of a sincerely held religious belief and including a statement describing the way in which the vaccination requirement conflicts with the religious observance, practice, or belief of the individual.

Page 2 — OPINION AND ORDER

*Id.* at 5 ("the Form Rule"). The form referenced there, OHA Form 3871, titled "COVID-19 Vaccine Religious Exception Request Form," is at the center of Plaintiff's controversy. By its terms, the Form Rule requires anyone seeking a religious exception to the Vaccine Rule to (1) sign "a form prescribed by the Oregon Health Authority"; (2) "stat[e] that the individual is requesting an exception from the [Vaccine Rule] on the basis of a sincerely held religious belief"; and (3) "includ[e] a statement describing the way in which the vaccination requirement conflicts with the religious observance, practice, or belief of the individual." *Id.*

The top of Form 3871 stated: "I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief." Pl.'s Mot. Judicial Notice 1, ECF No. 76-3.[1] The form asked the individual for their name, date of birth, phone number, employer, and job title, and provided a box for them to check indicating that "[r]eceiving the COVID-19 vaccination conflicts with [their] religious observances, practices or beliefs as described below." *Id.* The form then asked the individual to "describe [their] religious belief and how it affects [their] ability to receive a COVID-19 vaccination," and "certify the above information to be true and accurate" with a signature and date. *Id.*

Plaintiff states that her "beliefs include opposition to mandatory COVID-19 mitigation measures such as masking and vaccination, which Plaintiff believes are driven by malevolent spiritual forces." TAC ¶ 87. Plaintiff also "believes that signing [OHA] Form 3871 — without

---

[1] Plaintiff previously moved for judicial notice of several documents related to her case. Pl.'s Mot. Judicial Notice, ECF No. 76. The Court denied that motion and advised Plaintiff "that she may seek admission of these documents into evidence at the appropriate stage of litigation." Order, ECF No. 103. Now that Plaintiff's claims are more clearly stated, the Court finds that Exhibit C to that Motion, OHA Form 3871, is incorporated by reference into Plaintiff's TAC and appropriate for consideration at this stage. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

modification or a notation of 'under duress' — would constitute spiritual consent to those forces." *Id.* Plaintiff believes that "the only way to avoid spiritual harm" and comply with the School's mandate was to "sign[] the form with alterations or a duress notation." *Id.*

On September 11, 2021, Plaintiff submitted a "Declination Letter" objecting to OHA Form 3871 and "explain[ing] that submitting an OHA-approved form would violate [her] beliefs." *Id.* ¶ 51. Plaintiff also discussed her objections to the Vaccine Rule with coworkers. *Id.* ¶ 55. Plaintiff alleges that "Woods directed Plaintiff to stop discussing the issue," and another school administrator instructed Plaintiff to end a similar conversation. *Id.* ¶ 56.

On October 5, 2021, Plaintiff met with Defendants Woods and Hill to discuss her exemption request. *Id.* ¶ 59. Woods asked Plaintiff to sign OHA Form 3871. *Id.* ¶ 60. Plaintiff declined and said that she would submit a written religious statement instead. *Id.* "Woods and Hill agreed, instructing her to submit it by October 14, or face ineligibility for employment after October 18." *Id.* ¶ 60.

On October 14, 2021, Plaintiff submitted a signed personal religious exemption statement. *Id.* ¶ 62. That day, in a meeting where Defendant Sconce was also present, Defendants Woods and Hill insisted that Plaintiff sign OHA Form 3871 without modification. *Id.* ¶¶ 65, 69. "Plaintiff reiterated that doing so would violate her beliefs and offered alternatives, including signing under duress." *Id.* ¶ 70. Sconce and Hill rejected that alternative. *Id.* ¶ 71.

On October 18, 2021, Plaintiff submitted OHA Form 3871 with "under duress" written in the signature line. *Id.* ¶ 74. Woods rejected the form. *Id.* Woods and Hill met with Plaintiff and presented her with a blank copy of the form. *Id.* ¶ 76. Plaintiff refused to sign her name in the space provided, and Woods issued a termination notice effective October 19, 2021. *Id.* ¶ 77.

Page 4 — OPINION AND ORDER

Plaintiff alleges that "[she] was denied an exemption despite submitting a written religious statement, while others were permitted to alter or omit sections of the official form without consequence." *Id.* ¶ 45. "Other staff submitted partial or modified forms—one unsigned (Reuben Stratford), another with crossed-out sections (Ruth-Ann Crabtree)—yet neither was disciplined. Both were white, Christian, and American-born. Plaintiff, by contrast, is a Chinese woman of minority religious belief." *Id.* ¶¶ 81-82.

Plaintiff alleges that this process and the steps taken thereafter violated her rights under the U.S. Constitution and federal and state law. She filed her original Complaint on March 22, 2023. ECF No. 1. On October 30, 2023, the Court granted Defendants' motions to dismiss Plaintiff's First Amended Complaint ("FAC"). Findings and Recommendation ("F&R"), ECF No. 139**,** *adopted by* Order, ECF No. 166. With respect to the claims dismissed without prejudice, the Court explained the FAC's deficiencies and granted Plaintiff leave to file a second amended complaint that "conforms with the F&R and this Order and . . . clearly links factual allegations with the surviving individual claims and . . . is free of needlessly repetitive material, legal conclusions, and irrelevant factual allegations." Order 3. The Court also noted that Plaintiff's FAC violated Fed. R. Civ. P. 8(a) because it was "200 pages long excluding attachments and contain[ed] over 1000 paragraphs, many of which appear to be irrelevant statements and legal conclusions." F&R 6.

On July 14, 2024, Plaintiff filed her Second Amended Complaint ("SAC"). ECF No. 199. The Court dismissed Plaintiff's SAC for failure to comply with Rule 8 and allowed her another attempt to allege her claims. ECF No. 296. Plaintiff then filed the instant TAC and Defendants again moved to dismiss all claims against them.

**STANDARDS**

### I.    Federal Rule of Civil Procedure 8

Under Fed. R. Civ. P. 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a self-represented plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008).

### II.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences must be drawn in favor of the plaintiff. *Los Angeles Lakers*, 869 F.3d at

Page 6 — OPINION AND ORDER

800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Self-represented pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the self-represented litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). "Although a [self-represented] litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A self-represented plaintiff's claims may be dismissed with prejudice only where it appears beyond doubt the plaintiff can prove no set of facts that would entitle them to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

## DISCUSSION

### I.    Non-Parties to this Case

As an initial matter, though Plaintiff purports to allege claims against the State of Oregon, OHA, DCSD 15, and Douglas ESD, none of those entities have been named in the case caption or properly served. They are not parties to this case.

The Court has alerted Plaintiff of this problem several times and previously denied multiple motions for default against those entities, advising Plaintiff that "[a]n individual or entity is a party to this lawsuit only if they have been named in the case caption and properly served." ECF No. 132 (denying Plaintiff's Motion for Entry of Default against the State, OHA, and DCSD 15 because they are not parties to this case); ECF No. 318 (same, against the State, OHA, and Douglas ESD); ECF No. 333 (same, against the State and OHA). The Court discussed

Page 7 — OPINION AND ORDER

this issue at length with Plaintiff during oral argument on October 25, 2023, and advised Plaintiff that naming an individual in their official capacity does not make the entity that employs that individual a defendant to the case. ECF No. 158, at 20-35. The Court also told Plaintiff she could remedy any perceived deficiencies: "If you think that there's somebody who should be named as a defendant who is not in the caption, then . . . there's a process by which you can request amendment to . . . the complaint." ECF No. 158, at 29. Plaintiff has taken advantage of multiple opportunities to amend her complaint but still has not taken the necessary steps to bring claims against the State of Oregon, OHA, DCSD 15, and Douglas ESD.

Plaintiff argues, as she has before, that the entities are defendants because she brought official-capacity suits against their officers or employees under *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But that case held that official capacity suits are "to be *treated* as a suit against the entity" for the purposes of damages claims. 473 U.S. at 166 (emphasis added). Contrary to Plaintiff's suggestion, that case did not hold that naming an individual in their official capacity automatically names as a defendant the entity that employs that individual. Rather, the case is *treated* as a suit against the entity because the entity would be financially responsible for damages arising therefrom, even if not technically a party. *See id.*

Accordingly, the Court again holds that "[a]n individual or entity is a party to this lawsuit only if they have been named in the case caption and properly served." ECF No. 132.

The caption of Plaintiff's TAC references the State, OHA, DCSD 15, and Douglas ESD only to describe the official positions of Defendants Brown, Banks, Woods, and Hill. TAC 1. Plaintiff has not provided proof of service for any of those parties. The TAC lists OHA, DCSD 15, and Douglas ESD under the heading of "PARTIES" and states that the "State of Oregon is named as a party for claims involving its agencies and officials." TAC ¶¶ 4-5, 9, 12. Those

Page 8 — OPINION AND ORDER

attempts do not cure the deficiencies long noted by the Court. All claims against those entities are dismissed without prejudice.

## II.    Claims for Declaratory/Injunctive Relief

Plaintiff seeks declaratory and injunctive relief for many of her claims but does not allege facts that allow the Court to infer that she is likely to be subjected to the same harms. Those claims must be dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing. *See, e.g.*, *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (former employee had no standing for injunctive or declaratory relief against former employer's practices because there was no evidence that employee would work for employer again); *Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) ("To have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate 'that he is realistically threatened by a repetition of [the violation.]'") (citation omitted). Plaintiff's claims for declaratory and injunctive relief are dismissed with prejudice.

## III.    Defendants' Motions to Dismiss Under Rules 8 and 12(e)

Defendant Sconce and the Days Creek Defendants move to dismiss Plaintiff's TAC for failure to comply with Rule 8 and the Court's Order that the TAC be concise and direct, free of legal conclusions, and limited to 50 pages.

Plaintiff's TAC is 48 pages long and attaches 13 exhibits amounting to 163 additional pages—211 pages in total. TAC ¶ 18, TAC Exs. A-M. But Plaintiff's TAC also outlines each claim, the relevant Defendants, relief sought, and specific paragraphs meant to support that claim. Although the exhibits exceed the 50-page limit, Plaintiff's allegations are stated in the TAC such that the exhibits need not be referenced to determine whether Plaintiff has stated a

claim for relief. The TAC gives Defendants fair notice of Plaintiff's claims and their grounds.

Defendants' Rule 8 motions are denied.

The Days Creek Defendants also move for an order requiring a more definite statement

from Plaintiff under Rule 12(e). That rule allows a party to "move for a more definite statement

of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a

response." Fed. R. Civ. P. 12(e). The rule requires the movant to "point out the defects

complained of and the details desired." *Id.* The Days Creek Defendants fail to do that, and the

Court otherwise finds Plaintiff's TAC is not so vague and ambiguous as to require further

clarification. This motion is denied.

## IV.    Defendant OSBA's Motion to Dismiss Under Rule 12(b)(6)

Plaintiff's claims against Defendant OSBA stem from allegations that OSBA attorneys

provided other Defendants with improper legal advice about the COVID-19 mitigation

requirements. OSBA moves to dismiss all claims against it for failure to state a claim.

### A.    Claims 1 & 11: Conspiracy & Neglect to Prevent, 42 U.S.C. §§ 1983, 1986

Defendant OSBA moves to dismiss Plaintiff's claims under 42 U.S.C. §§ 1983 and 1986

for conspiracy against rights and neglect to prevent, noting that the Court already dismissed

those claims with prejudice because OSBA is not a state actor.[2] OSBA is correct that these

claims were dismissed with prejudice and thus may not be relitigated here. *See* F&R 7-9.

---

[2] Plaintiff clarifies that she did not intend to assert these claims against OSBA again. Notice of Errata, ECF No. 301 (clarifying that Count 11 for neglect to prevent "is not asserted against OSBA as an institutional or official-capacity defendant"); Notice of Errata, ECF No. 302 (clarifying that Count 1 for conspiracy against rights does not seek declaratory and injunctive relief against OSBA); Notice of Errata, ECF No. 303 (clarifying that Count 1 for conspiracy against rights "does not seek damages—or any other form of relief—against OSBA").

### B.    Claim 17: Tortious Interference with Existing Contract

Defendant OSBA argues that Plaintiff fails to allege facts to show that OSBA intentionally interfered with her employment contract for an improper purpose or by improper means. This claim was previously dismissed for failure to state a claim based on similar allegations. F&R 9 ("Providing legal advice . . . is a legitimate purpose, and does not support a claim for tortious interference with contract.").

In her TAC, Plaintiff again takes issue with the allegedly unlawful results of Defendant OSBA's advice and does not sufficiently allege any improper means or purpose. *See, e.g.*, *Wampler v. Palmerton*, 250 Or. 65, 73 (1968) (noting that an interference is only actionable if it is "a knowing and not an inadvertent of [sic] incidental invasion of plaintiff's contractual interests"). Plaintiff's TAC does nothing to remedy this fatal deficiency. This claim is dismissed with prejudice.

### C.    Claim 20: RICO, 18 U.S.C. § 1962

Defendant OSBA also moves to dismiss Plaintiff's RICO claim, contending that providing legal advice to a client does not constitute extortion or involuntary servitude. This claim was previously dismissed on those grounds. F&R 9-10; *see also Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (holding that an attorney who provided services was not liable under RICO because he did not direct or control the alleged enterprise). Plaintiff's new allegations do nothing to remedy this deficiency. This claim is dismissed with prejudice.

Defendant OSBA's Motion to Dismiss is granted and all claims against OSBA are dismissed with prejudice.

## V.    Days Creek Defendants' Motion to Dismiss Under Rule 12(b)(6)

The Days Creek Defendants also move to dismiss the TAC for failure to state a claim.

### A.    Claims 1 & 10: Conspiracy Claims

Plaintiff alleges conspiracy claims against the Days Creek Defendants under 42 U.S.C. §§ 1983, 1985(3). These claims were previously dismissed because "it is simply not plausible, and Plaintiff has provided no factual details to suggest, that . . . [Defendants] came to an agreement regarding a common objective to deprive Plaintiff of her rights." F&R 15-17. Plaintiff's TAC does not remedy that finding, so Claims 1 and 10 are dismissed with prejudice.

### B.    Claim 2: Equal Protection

Plaintiff alleges a violation of her Equal Protection rights by Defendants Woods and Hill, who move to dismiss under the two-year statute of limitations. Defendants state that this claim "is alleged on these facts for the first time in" the TAC, filed in May of 2025, and thus cannot challenge conduct that occurred in 2021. Days Creek Defs.' Mot. Dismiss 6-7.

Plaintiff correctly notes that Fed. R. Civ. P. 15(b) allows the amendments in her TAC to "relate[] back to the date of the original pleading" because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Plaintiff's original Complaint was filed in March of 2023 and challenged conduct that occurred less than two years earlier, beginning around August of 2021. Accordingly, Plaintiff's Equal Protection claim is not time-barred. Defendant's motion is denied as to that claim.

### C.    Claims 3 & 17: Tortious Interference

Plaintiff also alleges claims for tortious interference with contract and prospective economic relations against Defendants Woods and Hill. To establish an intentional interference with economic relations claim, Plaintiff must allege "(1) the existence of a professional or business relationship (which could include, *e.g.*, a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party;

(4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages." *Allen v. Hall,* 328 Or. 276, 281 (1999) (noting that these elements apply to claims regarding both existing "business and contractual relationships and prospects"). Here, Plaintiff fails to plausibly allege that Defendants "interfered for an improper purpose rather than for a legitimate one," such as enforcing a lawful vaccine mandate and accommodation process. *Straube v. Larson*, 287 Or. 357, 361 (1979) (quotation marks and citation omitted). Accordingly, Plaintiff's third and seventeenth claims are DISMISSED with prejudice.

### D.    Claim 7: First Amendment Free Exercise

Plaintiff also alleges a Free Exercise claim under the First Amendment. The Court notes at the outset that, besides Plaintiff's request to not sign OHA Form 3871, Plaintiff alleges that Defendants accommodated "all other religious, medical, and administrative exemptions" to the Vaccine Rule. TAC ¶ 126. Plaintiff also alleges that Defendants granted two individual exceptions from the Form Rule to "white, Christian, and American-born" individuals. *Id.* ¶¶ 81-82. As noted above, the Form Rule specifically required the religious exception to be "on a form prescribed by the Oregon Health Authority, signed by the individual stating that the individual is requesting an exception from the COVID-19 vaccination requirement on the basis of a sincerely held religious belief . . . ." OAR 333-019-1030. Plaintiff eventually submitted the form "with 'under duress' written in the signature line," which Defendant Woods rejected. *Id.* ¶ 74.

Ultimately, Plaintiff challenges Defendants' requirement under the Form Rule that Plaintiff sign a designated OHA form affirming and describing her religious conflict with the

COVID-19 vaccine in order to be exempted from the mandate.[3] Defendants do not meaningfully grapple with this theory and instead argue against Plaintiff's challenges to the Vaccine Rule.

The Free Exercise Clause of the First Amendment, which applies to the states through the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the exercise of religion." U.S. Const. amend. I; *Fulton v. City of Philadelphia*, 593 U.S. 522, 532 (2021). "To avoid strict scrutiny, laws that burden religious exercise must be both neutral and generally applicable." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 685 (9th Cir. 2023) (citation omitted).

The Ninth Circuit has outlined "three bedrock requirements of the Free Exercise Clause that the government may not transgress, absent a showing that satisfies strict scrutiny." *Fellowship of Christian Athletes*, 82 F.4th at 686. In other words, a law is not neutral or generally applicable unless it meets all three bedrock requirements of the Free Exercise Clause. *Id.* First, a law is not neutral nor generally applicable if the law "invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions." *Id.* at 687 (quoting *Fulton*, 593 U.S. at 1877). Second, a law is neither neutral nor generally applicable "whenever [the government] treat[s] any comparable secular activity more favorably than religious exercise." *Id.* at 688 (quotation marks and citation omitted). Third, a law is not neutral nor generally applicable if the government acts "in a manner 'hostile to ... religious beliefs' or inconsistent with the Free Exercise Clause's bar on even 'subtle

---

[3] At times, Plaintiff appears to take issue with the vaccine mandate as a "compelled medical procedure," but as Plaintiff acknowledges, Defendants readily granted exemptions to that mandate, and Plaintiff does not allege that she was denied any such exemption. TAC ¶ 44. To the extent Plaintiff challenges the Vaccine Rule itself, rather than the Form Rule, the Court reiterates its previous finding that the Vaccine Rule satisfies rational basis review, and Plaintiff's claims on this theory are dismissed with prejudice. F&R 18-19.

departures from neutrality.'" *Id.* at 686 (quoting *Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rts. Comm'n*, 584 U.S. 617, 638 (2018); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 543 (1993)). To evaluate the third bedrock requirement, courts must "examine 'the historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, including contemporaneous statements made by members of the decisionmaking body.'" *Id.* at 689 (quoting *Masterpiece Cakeshop*, 584 U.S. at 639).

"The failure to meet any of these requirements subjects a governmental regulation to review under strict scrutiny." *Id.* at 686. Under strict scrutiny, a law "must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest." *Church of Lukumi Babalu Aye, Inc.*, 508 U.S. at 531–32.

Here, it is unclear based on Plaintiff's allegations whether the Form Rule was neutral and generally applicable, and the Court reserves ruling on that question. Plaintiff alleges that two individuals were granted exemptions from the Form Rule, but it is unclear if those were religious or secular in nature or whether those individuals were similarly situated to Plaintiff. Nonetheless, taken in the light most favorable to Plaintiff, those facts allow the Court to infer that Defendants' enforcement of the Form Rule may not have been neutral and generally applicable and may have violated her Free Exercise rights. Defendants' motion is denied as to this claim.

### E.    Claim 8: Freedom from Association

Plaintiff alleges that the "[Vaccine] Rule and its implementation compelled Plaintiff to associate with government-endorsed political and ideological messaging." TAC ¶ 136. Specifically, "OHA Form 3871 required employees to describe 'the way in which the vaccination requirement conflicts with the religious observance, practice, or belief of the individual.'" *Id.* at ¶ 140.

Page 15 — OPINION AND ORDER

This claim fails because OHA Form 3871 did not compel any protected expression or association with any organization; it merely asked Plaintiff to affirm the minimum legal requirement to obtain a religious exception. *See, e.g.*, *Crowe v. Oregon State Bar*, 112 F.4th 1218, 1233 (9th Cir. 2024) (discussing cases and noting that the right to freedom from association protects compelled association with an organization "only . . . to the extent that they are expressive"). This claim is dismissed with prejudice.

### F.    Claim 11: Neglect to Prevent

Plaintiff's neglect to prevent claim under 42 U.S.C. § 1986 is dismissed with prejudice because she has not alleged a predicate violation of § 1985. *Mollnow v. Carlton*, 716 F.2d 627 (9th Cir. 1983); *see* F&R 9 n.2.

### G.    Claim 12: Title VII Discrimination

The Days Creek Defendants also argue that Plaintiff's Title VII claims are time-barred. They rely on an EEOC right-to-sue letter issued on June 2, 2022 that gave Plaintiff 90 days to file. Plaintiff filed her Complaint on March 22, 2023. Plaintiff provides the right-to-sue letter related to the correct Charge No. 551-2022-01064, issued on February 2, 2023, which allowed 90 days to file. *Compare* Mersereau Decl. Ex. 2, ECF No. 306, *with* Bong Decl. Ex. 2, ECF No. 229. Plaintiff timely raised her Title VII claims following the relevant EEOC right-to-sue letter.

The Days Creek Defendants do not otherwise engage with the merits of Plaintiff's Title VII claim. Their motion is therefore denied as to this claim.

### H.    Claim 15: First Amendment Retaliation

Plaintiff alleges that Defendant Woods violated the First Amendment when she "directed Plaintiff to stop discussing [the Vaccine Rule] with coworkers" and then terminated her two months later. TAC ¶ 183.

A claim for First Amendment retaliation looks to "whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action," and "whether the state would have taken the adverse employment action even absent the protected speech." *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Here, Plaintiff does not allege sufficient facts that allow the Court to infer that Defendants terminated her because of her discussions of the Vaccine Rule. Rather, Plaintiff's allegations indicate that she was terminated for failure to comply with the Form Rule. This claim is dismissed with prejudice.

## I.    Claim 18: Procedural Due Process

Plaintiff also alleges a claim for procedural due process and contends the hearings surrounding her termination were deficient. Plaintiff's "due process claim depends on her having had a property right in continued employment." *Walker v. City of Berkeley*, 951 F.2d 182, 183 (9th Cir. 1991). "A state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause, creates a reasonable expectation of continued employment, and thus a protected property right." *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1988). The type and extent of the property interest created depends on the individual's rights under the employment contract and state law. *Armstrong v. Reynolds*, 22 F.4th 1058, 1066-70 (9th Cir. 2022) (discussing cases and holding that plaintiff "had a property interest in continued employment without discipline or discharge for properly exercising her rights as a whistleblower").

Here, Plaintiff alleges that she had a one-year probationary contract governed by Or. Rev. Stat. § ("ORS") 342.835. That statute allows the school board to "discharge or remove any probationary teacher . . . *at any time* during a probationary period *for any cause* considered in good faith sufficient by the board." ORS 342.835(1) (emphasis added). Accordingly, Plaintiff's property interest only existed to the extent that the school board did not have "any cause

considered in good faith sufficient" to terminate her. *See Brady*, 859 F.2d at 1548 ("Where state employees serve at the will of the appointing authority, however, there is no such reasonable expectation of continued employment, and thus no property right."). Plaintiff's allegations establish that the board did, in fact, find sufficient cause to terminate her and thus she had no remaining property interest in her continued employment. This claim is dismissed with prejudice.

### J.    Claim 20: RICO, 18 U.S.C. § 1962

Plaintiff's Claim 20 is dismissed with prejudice as to the Days Creek Defendants for the same reasons discussed with regard to Defendant OSBA: Plaintiff fails to allege an underlying crime amounting to extortion or involuntary servitude.

### K.    Claim 22: Substantive Due Process

Claim 22 alleges a violation of substantive due process based on Plaintiff's right to refuse medical treatment. But Plaintiff was not required to undergo any medical treatment. Plaintiff does not allege that she was denied an exception to the Vaccine Rule; rather, she alleges that she was denied an exception to the Form Rule. The Form Rule did not require any medical treatment and thus did not implicate Plaintiff's Fourteenth Amendment interest in refusing medical treatment. *See Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261, 279 (1990). This claim is dismissed with prejudice.

Accordingly, the Days Creek Defendants' Motion to Dismiss is granted in part and denied in part. All claims except Claims 2, 7, and 12, are dismissed with prejudice as to the Days Creek Defendants.

## VI.    Defendant Sconce's Motion to Dismiss Under Rule 12(b)(6)

Defendant Sconce also moves to dismiss all claims against him—Claims 1, 7, 8, 10, 17, and 20—for failure to state a claim under Rule 12(b)(6).

Plaintiff's allegations about Defendant Sconce are too sparse to state a claim against him. She alleges that Defendant Sconce, a Uniserv Consultant for the OEA, "participated in an October 14, 2021 meeting regarding Plaintiff's religious exemption and employment status" and "acted jointly with Superintendent Woods and HR Director Hill to enforce [the Vaccine Rule] in a manner that violated Plaintiff's constitutional rights." TAC ¶¶ 17, 98. Plaintiff states that she is not a union member, but that Defendant "Hill later testified that Sconce was acting as Plaintiff's representative." *Id.* ¶ 94. Plaintiff does not allege that Sconce employed her or had any authority over the decision to terminate her. Rather, Plaintiff generally alleges that "Sconce's actions, conducted in coordination with school officials, set in motion the chain of events that resulted in her termination." *Id.* ¶ 100. These allegations are not enough.

Plaintiff has had four attempts to allege a claim against Defendant Sconce and still nothing suggests he acted unlawfully. Defendant Sconce's Motion to Dismiss under Rule 12(b)(6) is granted and Plaintiff's claims against Sconce are dismissed with prejudice.

## VII.    State Defendants' Motion to Dismiss Under Rule 12(b)(6)

Finally, the State Defendants also move to dismiss, arguing that Plaintiff fails to state a claim and that qualified immunity bars the claims against them.

Plaintiff fails to state a cognizable claim for relief against the State Defendants for the same reasons identified as to Defendant OSBA and the Days Creek Defendants in Claims 1, 8, 20, and 22. Those claims are dismissed with prejudice as to the State Defendants, too.

### A.    Claim 7: First Amendment Free Exercise

In Claim 7, Plaintiff alleges that the State Defendants violated her right to free exercise of her religion by creating and enforcing the Vaccine Rule. But the State Defendants did not apply the rules to Plaintiff and were not responsible for the allegedly discriminatory application of the Form Rule. To the extent Plaintiff challenges the rules themselves, the State Defendants are

entitled to legislative immunity because the creation of such rules involves the formulation of policy that applies to the general public. *See Kaahumanu v. Cnty. of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003). This claim is dismissed with prejudice as to the State Defendants.

### B.    Claim 23: Substantive Due Process

Claim 23 alleges that Defendant Banks violated Plaintiff's due process right to vocation in promulgating the Vaccine Rule. As with Claim 7, this claim is barred by legislative immunity because Banks' promulgation of the rules was a legislative function. Additionally, Plaintiff fails to allege "that the state's actions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021), *cert denied*, 142 S. Ct. 779 (2021). Claim 23 is dismissed with prejudice.

### C.    Qualified Immunity

Further, even if Plaintiff had stated a claim against the State Defendants, her claims arising out of the State's COVID-19 policies are barred by qualified immunity, because her rights were not "'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *see, e.g.*, *Johnson v. Kotek*, No. 22-35624, 2024 WL 747022, at *3 (9th Cir. Feb. 23, 2024) (mem.) (noting that even if *Jacobson* were distinguishable, "the validity of these vaccine mandates . . . is debatable," so defendants are entitled to qualified immunity in enforcing them); *Armstrong v. Newsom*, No. 21-55060, 2021 WL 6101260, at *1 (9th Cir. Dec. 21, 2021) (mem.) (California governor's "stay-at-home order did not violate clearly established law" because "[i]n March 2020, *Jacobson v. Massachusetts* was the law on the authority of governments in public health emergencies, and the order . . . had a real or substantial relation to protecting public health and was not 'beyond all question, a plain, palpable invasion of rights secured by the fundamental law.'").

Accordingly, the State Defendants' Motion to Dismiss is granted and all claims against them are dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, Plaintiff's claims against non-parties State of Oregon, OHA, DCSD 15, and Douglas ESD are DISMISSED without prejudice. Plaintiff's claims for declaratory and injunctive relief are DISMISSED with prejudice.

Defendant OSBA's Motion to Dismiss (ECF No. 304) is GRANTED and Plaintiff's claims against OSBA are DISMISSED with prejudice.

The Days Creek Defendants' Motion to Dismiss (ECF No. 305) under Rule 8 is DENIED. The Days Creek Defendants' Motion to Dismiss under Rule 12(b)(6) is GRANTED in part and DENIED in part. Plaintiff's claims against the Days Creek Defendants are DISMISSED with prejudice except for Claims 2, 7, and 12.

Defendant Sconce's Motion to Dismiss (ECF No. 307) under Rule 8 is DENIED. Defendant Sconce's Motion to Dismiss under Rule 12(b)(6) is GRANTED and Plaintiff's claims against Sconce are DISMISSED with prejudice.

The State Defendants' Motion to Dismiss (ECF No. 308) is GRANTED and Plaintiff's claims against the State Defendants are DISMISSED with prejudice.

DATED this 18th day of March 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 21 — OPINION AND ORDER